**William F. KUENZLE, Respondent,**

v.

**MISSOURI STATE HIGHWAY PATROL, et al., Appellant.**

No. 75824.

Supreme Court of Missouri, En Banc.

Nov. 23, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for appellant.

James C. Owen, Chesterfield, for respondent.

COVINGTON, Chief Justice.

William F. Kuenzle, respondent, was arrested for, but not charged with, stealing under $150. Kuenzle petitioned the Circuit Court of Cole County to use its equitable power to expunge the arrest record. The court ordered expungement, and the Court of Appeals, Western District, affirmed. This Court granted transfer to decide the question of whether the trial court in this case had equitable authority to expunge Kuenzle's arrest record. Judgment is reversed.

William Kuenzle worked as a clerk at Dillard's Department Store in St. Louis. On October 26, 1985, he sold to a customer clothing that had been marked down to $10.61, but which should have been priced at approximately $90. Kuenzle was arrested for stealing under $150, a class A misdemeanor. The markdown error was discovered, and Kuenzle was not charged with any crime.

Kuenzle earned an associate degree in criminal justice administration. He desires employment in law enforcement, but believes that the arrest record will unjustly hinder or prevent employment opportunities. Although the arrest record is closed, law enforcement agencies have access to the record for employment purposes. Sections 610.100, 610.120, RSMo 1986 & Supp.1992. Kuenzle petitioned the trial court to use its equitable power to expunge the arrest record. The trial court ordered the record expunged, and the Court of Appeals, Western District, affirmed, holding that Missouri courts possess equitable power to expunge arrest records and expungement is warranted because, on balance, Kuenzle's interest in expungement outweighs the state's interest in maintaining the arrest record.

Although the issue as framed by the parties is broad, the only question necessary for disposition of the matter presented is whether §§ 610.100 and 610.120 preclude equitable expungement of the arrest record in this case.

Examination of the history of the arrest record statutes reveals varying legislative approaches to balancing individuals' privacy interests and society's interest in maintaining arrest records. Prior to 1981, § 610.100 provided for closure of arrest records where the person was not charged within thirty days, and expungement where there was no conviction within one year of closure. In 1981, the legislature amended § 610.100 and enacted § 610.120. Section 610.100 continued to provide for closure after thirty days of arrest if no charges were brought, but it no longer allowed expungement. Section 610.100 was also amended to incorporate § 610.120, which provides access to closed arrest records for certain groups. The focus shifted from "existence of the record of an arrest not resulting in conviction, ... [to] the accessibility and the use of such record." *Martin v. Schmalz*, 713 S.W.2d 22, 25 (Mo.App.1986).

The list of groups that have access to closed arrest records, and the purposes for access, has grown since 1981.[1] Relevant to this case, in 1989 the legislature expanded § 610.120 to allow access for the purpose of criminal justice employment. Section 610.-120, as it applies to this case, states:

> *Records required to be closed shall not be destroyed;* they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section.... *They shall be available only to* courts, *law enforcement agencies,* child care agencies, facilities as defined in section 198.006, RSMo, in-home service provider agencies as defined in § 660.250, RSMo, and federal agencies *for the purposes of* prosecution, sentencing, parole consideration, *criminal justice employment,* child care employment, nursing home employment and to federal agencies for such investigative purposes as autho-

---

1. As originally passed in 1981, § 610.120 allowed access only to "courts, administrative agencies and law enforcement agencies for the purposes of prosecution, litigation, sentencing, and parole considerations." Section 610.120, RSMo Supp.1981.

rized by law or presidential executive order.

Section 610.120, RSMo Supp.1992 (emphasis added).

■ No statutory basis exists for expungement of Kuenzle's arrest record.[2] Furthermore, the arrest records statute precludes equitable expungement of the record under the facts of this case. The legislature made a determination that law enforcement agencies should have the right to view its applicants' closed arrest records. Kuenzle's situation squarely fits within the statute. Where a statute clearly defines the rights of parties, the statute may not be unsettled or ignored. *Milgram v. Jiffy Equipment Co.,* 362 Mo. 1194, 247 S.W.2d 668, 676 (1952). "Equity Courts may not disregard a statutory provision, for where the Legislature has enacted a statute which governs and determines rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby." *Id.* 676–77. An equity court is not free, therefore, to decide cases "merely upon its own conceptions of what may be right or wrong in a particular case." *Seifert v. Seifert,* 708 S.W.2d 150, 156 (Mo.App.1985). The legislature specifically amended § 610.120 to allow access to closed arrest records for criminal justice employment purposes; the trial court exceeded its equitable jurisdiction in disregarding the statute and expunging Kuenzle's arrest record.

Kuenzle and the court of appeals focus on the fact that the arrest records statute does not specifically eliminate a court's equitable power to expunge arrest records. The decision in this case does not, however, turn on whether Missouri courts possess equitable power to expunge arrest records. The legislature, in plain, positive language, granted law enforcement agencies the right to examine closed arrest records of its applicants. Even if courts possess equitable power to expunge arrest records in certain cases, equity cannot ignore and counteract the clear legislative mandate presented in this case.

By balancing the state's interest in maintaining the arrest record against the harm Kuenzle would suffer without expungement, the court below "vetoed" the legislature's balance of these considerations.

■ Kuenzle argues that statutory closure of his arrest record is an inadequate remedy since law enforcement agencies still have access to the record. Kuenzle's argument is misfocused. A remedy is the "means by which a right is enforced or the violation of a right is prevented, redressed, or compensated." Black's Law Dictionary, 1294 (6th ed. 1990) (citing *Long Leaf Lumber, Inc. v. Svolos,* 258 So.2d 121, 124 (La.App.1972) ). A right must exist before a court can determine the adequacy of a remedy. Kuenzle assumes, contrary to the statute, that he has a right to be considered for law enforcement employment without consideration of a prior arrest that did not result in criminal charges. He does not explain the basis for the right. Law enforcement agencies, on the other hand, possess a statutory right to view closed arrest records of its applicants. Equity will not intervene and destroy a clearly existing right prescribed by the legislature.

■ Kuenzle's claim would fail even under the most liberal of the standards established by the court of appeals. In *Buckler v. Johnson County Sheriff's Department,* 798 S.W.2d 155 (Mo.App.1989), the broadest declaration of equitable expungement, the western district held that Missouri courts have equitable power to expunge arrest records only where there is an illegal prosecution, acquittal, or extraordinary circumstances. Kuenzle asserts that seeking employment with law enforcement agencies constitutes an extraordinary circumstance. Extraordinary circumstances require, at a minimum, circumstances outside the plain language of the arrest records statute. Kuenzle does not present extraordinary circumstances; the legislature amended the arrest records statute specifically to allow access to criminal

---

2. The General Assembly recently amended the laws governing expungement. H.B. 170, 87th General Assembly, §§ 1–5 (1993); H.B. 562, 87th General Assembly, §§ 11–15 (1993). The amendment allows expungement in certain cases and purports to remove court's legal and equitable jurisdiction to expunge arrest records outside the statute. *Id.* The amendment is not applicable to this case.

justice applicants'. arrest records. To the extent that *Buckler* holds that law enforcement applicants present extraordinary circumstances justifying equitable expungement of arrest records, *Buckler* should no longer be followed.

Judgment is reversed.

All concur.