**Gregory D. JONES, Respondent,**

v.

**ST. LOUIS COUNTY POLICE DEPARTMENT,**
**Appellant.**

No. ED 83637.

Missouri Court of Appeals,
Eastern District,
Division One.

April 27, 2004.

Patricia Redington, County Counselor, Linda S. Wasserman, Asst. County Counselor, Clayton, MO, for Appellant.

John P. Rogers, Clayton, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Ronald Battelle, by and through the Office of the St. Louis County Counselor and the St. Louis County Police Department (collectively referred to as the County) appeal from the trial court's judgment and order of expungement of Gregory D. Jones's (Jones) arrest record. The County contends the trial court erred in expunging the arrest record because the trial court failed to follow the statutory conditions for expungement contained in Section 610.122, RSMo 2000,[1] and erroneously applied equitable principles in direct contravention of Section 610.126(2). Because we find the trial court erred in entering its judgment and order to expunge Jones's arrest record, we reverse.

On July 11, 1994, Jones was charged by information with the unlawful use of a weapon, Section 571.030, a class B misdemeanor, for carrying a .40 caliber Smith & Wesson semi-automatic pistol into the St. Louis Galleria AMC Theatre. Subsequently, Jones pleaded guilty to the charge of unlawful use of a weapon. The trial court suspended the imposition of sentence and placed Jones on probation for six months.

On July 25, 2003, Jones filed a petition for expungement of his arrest record. The Office of the St. Louis County Prosecuting Attorney, the Office of the St. Louis County Counselor, and the Office of the Missouri Attorney General all contested the petition.

The trial court conducted an unrecorded in camera hearing with all parties present. Jones informed the trial court that he had obtained a position with the Office of United States Homeland Security. Jones represented to the trial court that his employer instructed him to have his arrest record expunged and if he did not do so, he would be terminated from his position. The trial court, having taken judicial notice of the file, entered its judgment to expunge the records stating, "[t]he court finds there was no probable cause at the time of trial to believe petitioner unlawfully used a weapon. The court finds that the arrest shall be equitably expunged." This appeal follows.

The County contends the trial court erred in granting Jones's petition for expungement and entering an order to expunge his arrest records because the trial court failed to follow the statutory conditions for expungement contained in Section 610.122 and erroneously applied equitable principles in direct contravention of Section 610.126(2). We agree.

■ Where, as here, a trial court is charged with applying statutory requirements, any such application is a question of law rather than fact. *Martinez v. State,* 24 S.W.3d 10, 15 (Mo.App. E.D.2000). Therefore, we review the trial court's decision de novo. *Id.*

Section 610.122 sets forth the grounds for expunging arrest records. That section provides:

Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on

1. All further statutory references are to RSMo   2000 unless otherwise indicated.

false information and the following conditions exist:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;

(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and

(5) No civil action is pending relating to the arrest or the records sought to be expunged.

Section 610.126(2) further provides:

Except as provided by sections 610.122 to 610,126, the courts of this state shall have no legal or equitable authority to close or expunge any arrest record.

■■■ In enacting Sections 610.122 through Section 610.126 in their current form, the Missouri legislature eliminated the inherent equitable power of the courts to expunge records, but at the same time it vested the courts with statutory authority to do so, by codifying six very specific and stringent criteria that will apply in determining whether an order of expungement is justified. *Martinez*, 24 S.W.3d at 18. "Equity [c]ourts may not disregard a statutory provision, for where the Legislature had enacted a statute which governs and determines rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby." *Kuenzle v. Missouri State Highway Patrol*, 865 S.W.2d 667, 669 (Mo. banc 1993) (*quoting Milgram v. Jiffy Equipment Co.*, 362 Mo. 1194, 247 S.W.2d 668, 676–77

(1952)). Missouri courts have limited power to equitably expunge records "to cases involving illegal prosecution, acquittal, or extraordinary circumstances." *Buckler v. Johnson County Sheriff's Department*, 798 S.W.2d 155, 157 (Mo.App. W.D.1989).[2] None of these categories apply to the present case. Thus, to the extent the trial court was guided by equitable principles in determining that Jones's arrest record should be expunged, the trial court erred. Instead, the trial court must have found expungement proper under Section 610.122.

■■■ The trial court's judgment and order of expungement fails to comply with the requirements of Section 610.122. Here, the trial court failed to find the arrest was based on false information as required under Section 610.122. Furthermore, there is no indication in the record that Jones offered any evidence that the arrest was based on false information.

In addition to showing the arrest was based on false information, Section 610.122(1) requires that there must be evidence that there was no probable cause, at the time of the action to expunge, to believe the individual committed the offense. Here, the trial court stated in its judgment and order "there was no probable cause at the time of trial" to believe Jones committed the offense. The question for the trial court under Section 610.122(1) was whether there was no probable cause *at the time of the action to expunge* to believe Jones committed the offense of unlawful use of a weapon, not at the time of trial. Moreover, Jones did not receive a trial, but instead pleaded guilty. The only evidence before the trial court at the expungement proceeding was Jones's indictment and guilty plea. No evidence was presented

**2.** We note that the *Kuenzle* court held *Buckler* should no longer be followed to the extent *Buckler* holds that law enforcement applicants present extraordinary circumstances justifying equitable expungement of arrest records. *Kuenzle,* 865 S.W.2d at 670.

that there was no probable cause, at the time of the action to expunge, to believe Jones committed the offense.

Finally, Section 610.122(4) requires that there must be evidence that the subject of the arrest did not receive a suspended imposition of sentence for the offense. Although Jones stated in his sworn petition that the charges were nolle prossed, the record clearly shows that Jones received a suspended imposition of sentence for the offense. It is clear under the statute that any person that receives a suspended imposition of sentence is not entitled to an expungement. Section 610.122(4); *Martinez*, 24 S.W.3d at 16; *P.B.S. v. Prosecuting Attorneys Office of St. Louis County*, 998 S.W.2d 835, 837 (Mo.App. E.D.1999).

For all the foregoing reasons, Jones is not entitled to an expungement of his arrest record. Therefore, trial court erred in granting Jones's petition for expungement of his arrest records under equitable principles. The trial court's judgment is reversed.

GARY M. GAERTNER, SR., P.J., and MARY R. RUSSELL, J., concur.