**In re the Matter of Scott DYER.**

**No. SC 86236.**

Supreme Court of Missouri,
En Banc.

May 31, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., David F. Barrett, Assistant Atty. Gen., Jefferson City, MO, Linda S. Wasserman, St. Louis County Counselor's Office, Patrick E. Richmond, St. Louis County Prosecutor's Office, Clayton, MO, for Appellant.

Kenneth J. Heinz, Laura J. Gerdes, St. Louis, MO, for Respondent.

MICHAEL A. WOLFF, Judge.

In 1990 when Scott Dyer was 18 years old, he had one significant run-in with the law in St. Louis County, pleading guilty to felony charges of forgery and stealing over $150. He received probation on a suspended imposition of sentence, completed the probation successfully, and has not encountered the criminal justice system in the past 15 years.

Dyer, now a Colorado resident, lost his job with a government contractor as chief building engineer at the United States Courthouse in Denver because he was unable to renew his security clearance from the Department of Homeland Security in January 2004 because of the record of his arrest.

The incident that led to the 1991 guilty plea occurred when Dyer was arrested in 1990 by an officer of the Florissant police department and charged with one count of stealing and two counts of forgery for taking another man's baseball bag, baseball glove, shoes, wallet, and two personal checks that Dyer and a friend then forged. In April 1991, Dyer pleaded guilty to one count of forgery and the stealing charge; the other forgery count was dismissed. The court suspended imposition of sentence and placed Dyer on probation for a period of three years.

Last year Dyer filed a petition for expungement of his 1990 arrest record because it made it impossible for him to obtain the security clearance he needed for his job. The trial court entered judgment and ordered Dyer's arrest record expunged.

The state, through the criminal records repository, appealed directly to this Court because the trial court concluded that the statute governing Dyer's case is unconstitutional. This Court has exclusive jurisdiction. Mo. Const. art. V, sec. 3.

There is, unfortunately for Dyer, no law that allows a court, in the circumstances presented here, to expunge his record.

**The Law as to Expungement**

Dyer's arrest and guilty plea preceded enactments of statutes dealing with expungement of criminal records. Prior to the 1993 enactment, arrest records could be expunged under a court's general equitable powers. *See Kuenzle v. Missouri*

*State Highway Patrol,* 865 S.W.2d 667, 669 (Mo. banc 1993).

■ The 1993 legislation supplanted equitable expungement with a statutory remedy of expungement. Under sec. 610.126 [1], expungement was permitted only if the requirements of sec. 610.122 were satisfied. Specifically, the 1993 version of sec. 610.122 permitted expungement only if the arrest was based on "false information" and:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior felony convictions; and

(4) An action to expunge the record of arrest is commenced within three years from the date of the arrest or if criminal charges were filed, within three years from the date of any dismissal or reversal.

In 1995, the General Assembly modified sec. 610.122 to permit expungement only if the arrest was based on "false information" and:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;

(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and

(5) No civil action is pending relating to the arrest or the records sought to be expunged.

Section 610.122 has remained unchanged since 1995.

### The Trial Court's Decision

The trial court ordered Dyer's arrest record expunged for three reasons. First, the trial court said that Dyer satisfied the requirements of the current version of sec. 610.122. Second, the trial court said that the current version of sec. 610.122 is unconstitutional. Third, the trial court claimed that it could issue the expungement under its equitable powers. All three of these reasons are erroneous.

### 1. The requirements of the current version of sec. 610.122 have not been satisfied.

The current version of sec. 610.122 contains six requirements: (1) false information, (2) absence of probable cause, (3) no future charges, (4) no prior convictions, (5) no suspended imposition of sentence, (6) no civil action pending relating to the arrest or the record.

■ The third, fourth, and sixth requirements do not present any problems in this case, and the state does not dispute that those requirements are satisfied. But the first, second, and fifth requirements are not met.

■ To establish that the arrest was based on "false information" the petitioner in most cases must prove that the alleged victim—who knew the petitioner and on whose accusation his arrest was based— had falsely accused the petitioner. *Martinez v. State,* 24 S.W.3d 10, 20 (Mo.App. 2000). In all cases, the petitioner must prove that some or all of the information upon which the police relied to arrest the

---

**1.** All statutory citations are to RSMo 2000, unless otherwise indicated.

petitioner is simply a lie. Dyer admits, however, that he was at least somewhat involved in the disappearance of the bag, even if only by association, and the sentencing court determined that Dyer was guilty by accepting his guilty plea and sentencing him. Dyer makes it difficult to prove that his arrest was based on false information since he admitted the facts supporting his guilty plea.

■ For the same reasons, Dyer's arrest was supported by probable cause. Probable cause here is different than what is required to justify an arrest. In this context " 'probable cause' is intended in the broad sense of 'reasonable cause,' of 'having more evidence for than against,' and of facts which would cause a reasonably intelligent and prudent person to believe 'that the accused person had committed the crime charged.' " *Martinez*, 24 S.W.3d at 20.

The false information requirement and the probable cause requirement, when combined, "necessarily imply and mean that a petitioner ... has the burden to affirmatively demonstrate at a hearing, by a preponderance of the evidence ... his actual innocence of the offense for which he was arrested." *Martinez*, 24 S.W.3d at 20. The fact that Dyer pled guilty and received a probation sentence seems to indicate that he was not actually innocent of the stealing and forgery, unless the court is willing to believe that Dyer falsely or mistakenly pleaded guilty in 1991.

Even if this Court accepts the trial court's finding that Dyer's arrest was "based on false information," the statute bars expungement where there is a suspended imposition of sentence. Sec. 610.122(4). Dyer received a suspended imposition of sentence for two of the charges on which he was arrested. To permit expungement of his arrest record would violate the language of the statute.

Dyer attempts to avoid this result by arguing that "[p]etitioner did not receive a suspended imposition for the offense for which the arrest was made or for any offense related to the arrest at any time subsequent to the passage of House Bill 135 in 1995." The trial court accepted the argument and held that Dyer satisfied the requirements of the current version of sec. 610.122. In so holding, the trial court added language to the statute instituting a time frame that does not exist in the express language of sec. 610.122. The court considered the statute to be an unconstitutional *ex post facto* law in the absence of a time frame limiting the statute to criminal proceedings occurring after the 1995 enactment.

■ But this statute is not *ex post facto* in that it deals only with arrest records currently maintained. The statute does not affect conduct previously committed; it merely directs a court when it may tell an administrative agency to destroy a particular record it has in its possession. The statute is civil and not criminal. Dyer has never had a substantive or vested right in expungement of his arrest record as is required for a statute to be *ex post facto*. *See Arie v. Intertherm, Inc.*, 648 S.W.2d 142, 159 (Mo.App.1983); *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338 (Mo. banc 1993). Section 610.122 did not need to be construed as limited to post-enactment proceedings because it is not *ex post facto*.

Because of the suspended imposition of sentence on charges relating to his arrest, Dyer's arrest record cannot be expunged under the current version of sec. 610.122.[2]

2. There is an argument that the law to be applied to Dyer's petition is the law in existence at the time he completed his sentence. The 1993 version of sec. 610.122, if applied

### 2. The current version of sec. 610.122 is not unconstitutional.

Dyer's constitutional claims contain three arguments. The first is that House Bill 135 from 1995, the bill enacting the current version of sec. 610.122, is an invalid *ex post facto* law. This argument, as stated above, fails. The second argument is that House Bill 135 violates the one subject matter rule and that the subject is not clearly expressed in the bill's title. Third, Dyer argues that the General Assembly could not single out petitioners receiving a suspended imposition of sentence and categorically deny them expungement because doing so violates equal protection and due process guarantees of the 14th Amendment to the United States Constitution and art. I, secs. 2 and 10 of the Missouri Constitution.

■ House Bill 135 does not violate the constitutionally prescribed procedural requirements for legislative enactments. "The use of ... procedural limitations to attack the constitutionality of statutes is not favored." *Stroh Brewery Co. v. State*, 954 S.W.2d 323, 326 (Mo. banc 1997). House Bill 135 enacted two provisions: (1) that a translator for a speech or hearing impaired person not disclose a conversation between the translator and the impaired person unless the impaired person consents; and (2) that Missouri's criminal records repository not disclose the contents of arrest records. These two provisions deal with one subject matter—confidentiality. Section 610.122's procedure for expunging an arrest record is part and parcel of the statutory scheme governing disclosure of arrest records. The subject matter of House Bill 135 was clearly stated in the title which proclaimed that the bill "relat[ed] to the confidentiality of certain information." House Bill 135 complies with the one subject matter rule and the title rule.

As to Dyer's equal protection and due process argument, the General Assembly may categorically exempt from expungement the record of an arrest leading to a suspended imposition of sentence.

■ First, as to due process, there is no plausible argument that Dyer has been deprived of procedural rights protected by the due process clause. Mo. Const. art. I, sec. 10. *Boersig v. Missouri Department of Corrections*, 959 S.W.2d 454 (Mo. banc 1997)

■ Second, as to equal protection, the question is whether the legislative distinction has a rational basis. *See Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 512 (Mo. banc 1991).

The legislative distinction—denying expungement where the arrest results in a suspended imposition of sentence—is rational. The availability of probation upon a suspended imposition of sentence, authorized by sec. 557.011.2(3), is an act of legislative leniency. When a probationer, such as Dyer, successfully completes the conditions and terms of his probation, his record is free of a criminal conviction, despite his guilty plea. The offender is adjudicated to be guilty of a felony, but there is no conviction. It is rational for the General Assembly, however, to deny expungement in such circumstances. For instance, felony findings of guilt can be cited, even without a resulting conviction, if in a subsequent prosecution the defendant meets the criteria for being charged as a prior or persistent offender. *See* sec. 558.016. The state has an interest in maintaining "complete and accurate criminal history

here, also would make him ineligible for an expungement. The 1993 version of sec.

610.122 had a three-year statute of limitations, which has expired.

record information," as provided in sec. 43.503, for a variety of legitimate purposes.

It is unfortunate that Dyer cannot, under the law, be relieved of the consequences of his arrest. The legislative judgment that such records not be expunged is not irrational. The harm Dyer suffered from this 15–year–old arrest record is caused by the policies of the federal Department of Homeland Security on security clearances, and this Court is not in a position to determine whether such policies are rational or irrational. The state's maintenance of Dyer's arrest record has collateral consequences, but it is not an additional punishment.[3]

### 3. The Court Does Not Have the Power to Issue an Equitable Expungement.

 The courts of this state, under their equitable powers, previously offered a remedy for expunging arrest records in certain situations.[4] That equitable power, however, has been eliminated by sec. 610.126 which provides that, except as set forth in the statutes, "the courts of this state shall have no legal equitable authority to close or expunge any arrest record." *See Kuenzle*, 865 S.W.2d at 669. The General Assembly has the power, by statute, to change the substantive rules upon which courts at law and equity base their decisions. *Adams v. Children's Mercy Hospi-*

*tal*, 832 S.W.2d 898, 907 (Mo. banc 1992). The power to change substantive rules as to the keeping of criminal records in this instance does not infringe on any inherent power of the judiciary and, thus, does not violate the separation-of-powers provision of the Missouri Constitution, art. II, sec. 1.

### Conclusion

Regardless of the law that is applied to Dyer's petition—the equitable doctrine, or its 1993 or 1995 replacements in chap. 610—Dyer would not be eligible for expungement of his arrest record that resulted in a suspended imposition of sentence. Section 610.122, which limits expungements to situations that do not include Dyer's, is constitutional.

The judgment of the circuit court is reversed.

All concur.

3. The legislative curtailment of the expungement remedy does not leave Dyer without recourse. Dyer may seek relief under the governor's power to pardon. Missouri Constitution, art. IV, sec. 7. As with the expungement remedy, there is no assurance on the record of this case that such relief would satisfy the standards of the federal Department of Homeland Security.

4. It is doubtful that Dyer would have qualified even under the equitable doctrine that existed prior to 1993. "Missouri courts [had] equitable power[s] to expunge arrest records only where there [was] an illegal prosecution, acquittal, or extraordinary circumstances."

*Kuenzle v. Missouri State Highway Patrol*, 865 S.W.2d 667, 669 (Mo. banc 1993) (citing *Buckler v. Johnson County Sheriff's Department*, 798 S.W.2d at 155 (Mo.App.1989)). Moreover, *State ex rel. Peach v. Tillman*, 615 S.W.2d 514, 519 (Mo.App.1981) held that "those cases in which a person has been granted a suspension of imposition of sentence will not present the extraordinary circumstances that would warrant an order expunging the criminal records surrounding that case." There is no evidence that Dyer's prosecution was illegal, and since he obviously was not acquitted, he would not be entitled to an equitable expungement in any event.