**Kenthan MARTIN, Respondent,**

v.

**STATE of Missouri, Missouri State Criminal Records Repository, and Missouri State Highway Patrol, Appellants.**

**No. ED 90822.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 2008.

## OPINION

GEORGE W. DRAPER III, Judge.

Missouri State Criminal Records Repository et al. (hereinafter, "the State") appeals from the trial court's judgment expunging the arrest records of Kenthan G. Martin (hereinafter, "Martin"). The State contends the trial court erred as a matter of law in that there was not sufficient evidence in the record to meet the statutory factors in Section 610.122 RSMo (2000).[1] We agree.

Martin filed a petition on August 13, 2007, requesting that the trial court expunge her arrest records. At her hearing, Martin was the sole witness. She testified she pleaded guilty to possession of a controlled substance in 1998 and received a suspended imposition of sentence. Martin further stated her probation was revoked in November 1999 and she received a sentence to serve time in the Missouri Department of Corrections. Martin explained she worked as a certified nursing assistant, but had to work through agencies due to her arrest record. The trial court entered its judgment, expunging Martin's arrest record. The State appealed.

■ In its only point on appeal, the State contends the trial court erred in expunging Martin's "arrest record because, as a matter of law, [Martin] failed to prove that her arrests were based on false information, that [Martin] failed to prove there was no probable cause to believe she had committed the offense of Possession of a Controlled Substance, as required by Section 610.122 and [Martin] received a Suspended Imposition of Sentence." The State argues Martin failed to comply with

Christopher R. Fehr, Jefferson City, MO, for appellant.

Kenthan Martin, St. Louis, MO, pro se.

1. All further statutory references herein are to RSMo (2000).

several of statutory requirements to have her arrest record expunged. We agree.

When a trial court applies statutory requirements to a case, its application of statutory factors is a question of law rather than fact. *Jones v. St. Louis County Police Dept.,* 133 S.W.3d 524, 525 (Mo.App. E.D.2004). Accordingly, our review of the trial court's judgment is *de novo. Id.*

Section 610.122 allows a trial court to expunge an arrest record if it determines the arrest was based on false information and five statutory factors exist.[2] The trial court must find that:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;

(2) No charges will be pursued as a result of the arrest;

(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;

(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and

(5) No civil action is pending relating to the arrest or the records sought to be expunged.

Section 610.122. To establish that the arrest was based upon false information, "the petitioner must prove that some or all of the information upon which the police relied to arrest the petitioner is simply a lie." *In re Dyer,* 163 S.W.3d 915, 918–19 (Mo. banc 2005).

From this Court's review of the legal file and the transcript, it is clear Martin failed to present any evidence regarding the falsity of the information which led to her multiple arrests. Martin's testimony failed to discuss most of the arrests which she sought to have purged from her record. Without more, it is impossible for this Court to determine whether any of Martin's arrests were based upon false information.

The focus of Martin's testimony surrounded one particular arrest for which she received a suspended imposition of sentence. Her suspended imposition of sentence was later revoked due to a probation violation. While the State believes this fact does not affect our analysis, we disagree. It is clear from Martin's testimony sentence was imposed on one of her arrests for drug possession. Hence, Martin has either a misdemeanor or felony conviction which was imposed either prior or subsequent to the arrests which she seeks to have expunged. Her arrest record is not eligible to be expunged because she fails to meet all of the statutory requirements. *See* Section 610.122(4).

The judgment of the trial court is reversed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**2.** Section 311.326 provides some additional circumstances upon which a record may be expunged from a juvenile record. However, there is no indication this section would be applicable in this instance.