

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| LAUREN ELAINE SUTTON,[1] | ) | No. ED101962 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Appeal from the Circuit Court |
| MUNICIPAL COURT DIVISION, | ) | of St. Louis County |
| DES PERES,[2] | ) | 14SL-CC01325 |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | Honorable Maura B. McShane |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL CRIMINAL RECORDS | ) | |
| REPOSITORY, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 19, 2015 |

OPINION

The Missouri State Highway Patrol Criminal Records Repository (MSHP) appeals from

the trial court's Judgment and Order of Expungement of Arrest Records in favor of Lauren

Elaine Sutton (Sutton). We reverse.

---

[1] Respondent Lauren Elaine Sutton did not file a responsive brief on appeal.
[2] Defendant Municipal Court Division Des Peres is not a party to this appeal.

Factual and Procedural Background

In April 2014, Sutton filed a petition for expungement of arrest records pursuant to Section 610.122. Sutton's petition alleged that she had been charged with petty larceny/stealing in December 2006 in Des Peres, Missouri.

MSHP thereafter filed its answer and motion to dismiss the petition. MSHP alleged that Sutton had been arrested for shoplifting in December 2006 but that she had later pleaded guilty to an amended charge of littering and paid a fine. Specifically, MSHP argued that Sutton could not prove the arrest had been based on false information or that there was no probable cause to believe she committed the offense given that Sutton pleaded guilty to littering, "which arose from the arrest [Sutton] now seeks to expunge." MSHP further argued that Sutton's failure to prove her "actual innocence" barred expungement under Section 610.122. The trial court did not rule on MSHP's motion to dismiss, but a hearing on Sutton's petition for expungement was scheduled.

At the hearing, Sutton testified that she was arrested in December 2006 following an incident at a Macy's store. Sutton testified that she had been with "another individual" who had "appropriated some property" from the Macy's store and that the two of them had been stopped outside of the store. Sutton testified that she and the other person had been sharing a car and that property belonging to Macy's was found inside the car. When Sutton was asked whether she had taken anything from Macy's, she testified, "No, not to my knowledge." The trial court asked Sutton to explain what she meant by, "not to my knowledge" because Sutton "would know whether or not [she] took something[.]" Sutton's attorney interjected that the situation was "hard to explain" and that Sutton was "nervous to say she didn't take anything because there was . . . stolen property found in the car" Sutton and the other person had been sharing. Sutton testified

that she was subsequently charged with stealing but the charge was later amended to littering. Sutton testified that she pleaded guilty to the littering charge and was assessed a fine. Sutton further testified that she did not have any prior or subsequent misdemeanor or felony convictions.

On cross examination, counsel for MSHP asked Sutton whether she recalled telling police at the time of her arrest that she had taken three pairs of jeans. Sutton replied, "Yes, but there was another party involved." Counsel for MSHP asked whether Sutton had provided police with a written statement at the time of her arrest acknowledging that she had gone into a changing room and then took the three pairs of jeans. Sutton replied that she had written the statement and had signed it on the day she was arrested. On re-direct examination, however, Sutton testified that she did not remember providing police with the written statement.

During closing arguments, Sutton's attorney argued that the record of her arrest should be expunged because the initial charge had been amended to a lesser charge and, thus, the arrest had been based on false information and there was no probable cause to believe that she committed the offense. Counsel for MSHP argued that Sutton was not entitled to expungement of the record of her arrest because there was probable cause to believe she had committed the offense of stealing.

The court thereafter granted Sutton's request to expunge the record of her arrest. In its written judgment, the court found that Sutton's arrest "was based on false information, that there is no probable cause at the time of the action to expunge to believe that [Sutton] committed the offense, that no charges will be pursued as a result of the arrest, that [Sutton] has no prior or subsequent misdemeanor or felony convictions, that [Sutton] did not receive a suspended imposition of sentence (SIS) for the offense for which the arrest was made or for any offense

3

related to the arrest, and that no civil action is pending relating to the arrest or the records sought to be expunged." This appeal followed.

## Standard of Review

"In reviewing a court tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Adum v. St. Louis Metropolitan Police Dep't, 423 S.W.3d 327, 328 (Mo. App. E.D. 2014). Because the trial court's application of statutory requirements is a question of law rather than fact, we review the trial court's application of statutory requirements *de novo*. Adum, 423 S.W.3d at 328; Coleman v. Missouri State Criminal Records Repository, 268 S.W.3d 464, 466 (Mo. App. E.D. 2008); see also Martin v. State, 267 S.W.3d 808, 810 (Mo. App. E.D. 2008).

## Discussion

MSHP presents two points on appeal; however, given our analysis and disposition of the issues presented, we need only address the first point and not the second point regarding issue preclusion.

In its first point, MSHP claims the trial court erred in granting Sutton an expungement of her December 12, 2006, arrest because she failed to establish that there was no probable cause to support the arrest in that she pleaded guilty to an amended charge and had admitted to the original charge.

Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to Section 43.503 may be expunged if the court determines that the arrest was based on false information and the following conditions exist: (1) there is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (2) no charges will be pursued as a result of the arrest; and (3) the subject of the arrest did not receive a suspended

4

imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest. Section 610.122.1(1). Additionally, a record of arrest shall only be eligible for expungement under this section if: (1) the subject of the arrest has no prior or subsequent misdemeanor or felony convictions; and (2) no civil action is pending relating to the arrest or the records sought to be expunged. Section 610.122.2. An expungement of an arrest record shall not reflect on the validity of the arrest and shall not be construed to indicate a lack of probable cause for the arrest. Section 610.126.1. Except as provided by Sections 610.122 to 610.126, the courts of this state shall have no legal or equitable authority to close or expunge any arrest record. Section 610.126.2.

The person seeking expungement under Section 610.122 bears the burden of demonstrating by a preponderance of the evidence that he is actually innocent of the offense for which he was arrested. Martinez v. State, 24 S.W.3d 10, 20 (Mo. App. E.D. 2000). "To establish that the arrest was based upon false information, 'the petitioner must prove that some or all of the information upon which the police relied to arrest the petitioner is simply a lie.'" Martin, 267 S.W.3d at 810, quoting In re Dyer, 163 S.W.3d 915, 918-19 (Mo. banc 2005). Additionally, probable cause in this context is different than what is required to justify an arrest. Coleman, 268 S.W.3d at 466; In re Dyer, 163 S.W.3d at 919. In cases involving expungement, "probable cause" is intended in the broad sense of "reasonable cause," of "having more evidence for than against," and of facts that would cause a reasonably intelligent and prudent person to believe the accused person had committed the crime charged. Adum, 423 S.W.3d at 329; Coleman, 268 S.W.3d at 466; In re Dyer, 163 S.W.3d at 919; Martinez, 24 S.W.3d at 20. A voluntary admission of guilt by the accused person can establish probable cause to believe the

5

accused person committed the crime charged. See State v. Powell, 728 S.W.2d 622, 626 (Mo. App. E.D. 1987).

In this case, MSHP's first point is well taken. Sutton failed to establish that her arrest for stealing was based on false information or that there was no probable cause to support her arrest at the time of the action to expunge. At the evidentiary hearing on Sutton's petition, Sutton testified that she pleaded guilty to an amended charge of littering and paid a fine. Although Sutton stated that, "to [her] knowledge," she had not taken anything, Sutton acknowledged that she and another person were stopped with "belongings from Macy's" and "there was property found in the car" Sutton was sharing with the other person. Moreover, Sutton also acknowledged that she had provided police a written statement admitting that she had taken three pairs of jeans from Macy's. In light of her acknowledgement that she provided the written statement admitting guilt of the offense charged, regardless of the fact that she later pleaded guilty to an amended charge, there is no evidence to support a finding that Sutton's arrest was based on false information or that there was a lack of probable cause at the time of the action to expunge to believe that Sutton committed the offense. Coleman, 268 S.W.3d at 467. Furthermore, the trial court could not go beyond the plain and ordinary meaning of the words in the statute and grant Sutton relief because the courts no longer have authority to close or to expunge arrest records on an equitable basis. Id.

## Conclusion

The trial court's judgment is reversed.

_Mary K. Hoff_
_____
Mary K. Hoff, Judge

Sherri B. Sullivan, Presiding Judge and Philip M. Hess, Judge, concur.

6