

# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| JOHN DOE, | ) | No. ED104149 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 15SL-CC02663 |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, CRIMINAL RECORDS | ) | |
| REPOSITORY, ST. LOUIS COUNTY | ) | |
| PROSECUTING ATTORNEY'S OFFICE, | ) | Honorable Maura B. McShane |
| ASSOCIATE COURT DIVISION 35, AND | ) | |
| LAMBERT INTERNATIONAL AIRPORT | ) | |
| P.D. TRANSPORTATION SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Respondents. | ) | Filed: December 13, 2016 |

## I.    Introduction

John Doe (Petitioner) appeals an order and judgment of the Circuit Court of St. Louis County denying his petition for expungement under § 610.122 RSMo Supp. 2014.[1] Petitioner argues the court erred in finding his arrest was not based on false information. We reverse.

---

[1] All references are to Mo. Rev. Stat. 2014 unless otherwise specified.

1

## II.     Factual and Procedural Background

On October 3, 2014, Petitioner arrived at the Lambert-St. Louis International Airport (the Airport) and was detained when Transportation Security Administration (TSA) agents found a loaded, semi-automatic pistol in his carry-on luggage as he passed through a security checkpoint. Petitioner was arrested for unlawful use of a weapon in violation of § 571.030.1(1). He was subsequently charged in St. Louis County Circuit Court and the case was dismissed on May 18, 2015, following the prosecutor's filing of a memorandum of *nolle prosequi*.

On August 5, 2015, Petitioner petitioned the court for expungement of his arrest. Petitioner testified at the expungement hearing that TSA agents did find his gun inside his carry-on luggage when it was screened at a security checkpoint within the Airport. Petitioner stated he informed the police he had a valid concealed carry permit but he had removed it from his wallet in anticipation of his vacation. He explained that he had forgotten to remove his firearm from his backpack, which he had not checked prior to entering the screening area in order to save time. Petitioner testified that his concealed carry permit was valid at the time of his arrest and he had not been re-charged with any crime relating to this incident, or received a suspended imposition of sentence for the offense. He also testified that he did not have any prior or subsequent misdemeanor or felony convictions and that no other civil action was pending relating to his arrest in this case. The court found there was probable cause to believe that Petitioner committed the offense of unlawful use of a weapon *at the time of the arrest* and the arrest was not based on false information. Accordingly, the court denied Petitioner's petition for expungement.

On March 3, 2016, the court heard arguments on Petitioner's motion for new trial. Petitioner asserted there was no probable cause *at the time of the expungement hearing* to believe Petitioner committed a crime because it was undisputed that Petitioner possessed a valid

concealed carry permit at the time of his arrest. The court acknowledged the proper standard under § 610.122 is not probable cause at the time of the arrest but whether there was probable cause at the time of the action to expunge. The court did not make a finding of whether there was probable cause for the arrest at the time of the expungement hearing. Instead, the court stated that in its original ruling, it found the arrest was not based on false information and denied the motion for new trial on that basis.

The court took judicial notice of § 571.030.1(1), which states: "A person commits the offense of unlawful use of [a] weapon[], except as otherwise provided by section 571.101 to 571.121, if he or she knowingly: (1) Carries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use into any area where firearms are restricted under section 571.107." Section 571.107 lists where a concealed carry permit does not authorize concealed firearms. Petitioner argued that he did not commit the offense of unlawful use of a weapon because § 571.107.2 specifically provides that it is not a "criminal act" for a person with a valid concealed carry permit to carry a concealed firearm into an airport in Missouri. Petitioner further argued that arresting someone and charging them with a crime for conduct that is not criminal must involve the use of false information. However, the court found that Petitioner did have a gun in his backpack while going through security, concluded that the arrest was not based on false information, and denied Petitioner's motion.

Petitioner filed a notice of appeal to this Court on March 14, 2016.

### III.    Standard of Review

Under Missouri law, any record of arrest may be expunged if: (1) the court determines it was based on false information; (2) there was no probable cause at the time of the expungement hearing to believe the individual committed the offense; (3) no charges were pursued as a result of the arrest; (4) the arrest did not lead to a suspended imposition of sentence; (5) the petitioner

3

has no prior or subsequent misdemeanor or felony convictions; and (6) no civil action is pending relating to the arrest or records sought to be expunged. § 610.122; *In re Dyer*, 163 S.W.3d 915, 918 (Mo. banc 2005).

On review of a court-tried case, we affirm the judgment of the court "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Doe v. Mo. State Highway Patrol Crim. Records Repository*, 474 S.W.3d 171, 174 (Mo. App. E.D. 2015). "The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements *de novo*." *Id*. However, "[w]e defer to the trial court's determination of the witnesses' credibility." *Id*. At the time of the expungement hearing, the petitioner bears the burden of demonstrating by a preponderance of the evidence, his actual innocence of the crime for which he was arrested. *In re Dyer*, 163 S.W.3d at 919. In the present case, the court found Petitioner had not shown that his arrest was based on false information and denied his petition for expungement. We find this was against the weight of the evidence and a misapplication of the law.

## IV.    Discussion

In the present case the sole issue on appeal is whether the arrest was based on false information. "To establish that his arrest was based on false information, the petitioner must prove that some or all of the information that the police relied on to arrest him was false." *Doe*, 474 S.W.3d at 176.  Petitioner claims "[t]he [false] information Airport police relied upon in arresting [him] was that it was a crime for him to conceal a firearm within Lambert International Airport." Petitioner contends that police must be deemed to have relied on false information if they misunderstand the law, even when they are not mistaken about any of the underlying facts.

4

First, we address whether carrying a concealed firearm into an airport by an individual who holds a valid concealed carry permit is an unlawful use of a weapon under Missouri law. In the present case, Petitioner was charged with committing an unlawful use of a weapon in violation of § 571.030(1) after TSA agents found a loaded pistol in his backpack at a security checkpoint at the Airport. Generally, under § 571.030.1(8) a person commits the offense of unlawful use of a weapon if they knowingly carry a firearm "into any building owned or occupied by any agency of the federal government, state government, or political subdivision thereof." However, § 571.030.4 provides an exception to the general rule of what constitutes an unlawful use of a weapon, stating that § 571.030.1(8) does not apply to individuals with a valid concealed carry permit.

Nonetheless, persons with a valid concealed carry permit are not permitted to carry a concealed weapon into the screening area of an airport. Section 571.107.1 specifies where a concealed carry permit *does not* allow a person to carry a concealed weapon. One of these prohibited areas is "[a]ny area of an airport to which access is controlled by the inspection of persons and property." § 571.107.1(8). Despite this restriction, it is not a criminal act for a person with a valid concealed carry license to carry a concealed firearm into the screening area of an airport in Missouri.  Section 571.107.2 specifically states the "[c]arrying of a concealed firearm in a location specified in subdivisions (1) to (17) of subsection 1 of this section by any individual who holds a concealed carry permit issued pursuant to sections 571.101 to 571.121…*shall not be a criminal act*[.]"[4] (emphasis added). However, the statute goes on to state a person may be subjected to removal from the premises and may be subjected to a citation not to exceed one hundred dollars for the first offense. § 571.107.2. Subsequent offenses subject an

---

[4] Effective date August 28, 2014.

offender to higher fines and suspension or revocation of the holder's concealed carry permit, but do not make the possession of a firearm in the screening area a "criminal act." *Id*. There is no room for statutory construction when the words are unambiguous. *Martinez v. State*, 24 S.W.3d 10, 16 (Mo. App. E.D. 2000). In that case, we determine the intent of the legislature by giving words and phrases in statutes their plain and ordinary meanings. *Id.*

In summation, it is generally an unlawful use of a weapon to carry a loaded firearm into an airport, however the Missouri Legislature has made an exception for concealed carry permit holders. Therefore, Petitioner is correct in stating that under Missouri law, it is not a criminal act for a person with a valid concealed carry permit to possess a firearm in the screening area of an airport.

Next, we turn to Petitioner's argument that his arrest was based on false information. In order to establish that an arrest was based upon false information, "the petitioner must prove that some or all of the information upon which the police relied to arrest the petitioner is simply a lie." *Martin v. State*, 267 S.W.3d 808, 810 (Mo. App. E.D. 2008) (quoting *In re Dyer*, 163 S.W.3d 915, 918-19 (Mo. banc 2005)). In *Doe v. Mo. State Highway Patrol Crim. Records Repository*, this Court analyzed whether the petitioner's arrest for three counts of third-degree assault was based on false information by looking at factual information presented at the expungement hearing. 474 S.W.3d 171, 174-77 (Mo. App. E.D. 2015). We found, "[t]he false information relied on was that [petitioner], the individual driving the car, was also the person who shot the air gun." *Id*. at 176. This Court found this was directly contradicted by the uncontested evidence presented at the expungement hearing. *Id*. at 176-77. This evidence established that "[Petitioner] was driving the car when, unbeknownst to him, his younger brother shot the air gun…MSHP did not present evidence to establish that an officer observed Doe shoot

6

the air gun, that Doe was aware of his brother's plan to shoot the air gun, or that Doe was present for the two prior incidents of assault." *Id*. at 177. This Court affirmed the circuit court's order granting the petition for expungement, finding the petitioner's arrest was based on false information. *Id*. at 177. The *Doe* court analyzed whether the officers were mistaken about the evidence used as a *factual* basis for petitioner's arrest and misidentified the true perpetrator.

In the present case the underlying facts are uncontested and it is uncontroverted that Petitioner had a valid concealed carry permit at the time of his arrest. This case raises the question of whether officers rely on "false information" when they mistakenly believe that certain conduct constitutes a criminal act, even though the facts relied upon are accurate. The Supreme Court of Missouri has held "[t]he false information requirement and the probable cause requirement, when combined, 'necessarily imply and mean that a petitioner… has the burden to affirmatively demonstrate at a hearing, by a preponderance of the evidence… *his actual innocence of the offense for which he was arrested*.'" *In re Dyer*, 163 S.W.3d 915, 919 (Mo. banc 2005) (quoting *Martinez*, 24 S.W.3d at 20) (emphasis added).

This Court in *Martinez* separately analyzed the probable cause and false information requirements under § 610.122 and held:

> Probable cause is a legal term of art. As used in this context, we conclude that probable cause is intended in the broad sense of reasonable cause, of having more evidence for than against, and of facts which would cause a reasonably intelligent and prudent person to believe that *the accused person had committed the crime charged.*

*Martinez v. State*, 24 S.W.3d at 20 (emphasis added) (internal citations omitted).

In the present case, we believe the court misconstrued the meaning of "false information" under § 610.122. *Martinez* is instructive on this matter. 24 S.W.3d at 19. Remedial statutes, such as expungement of arrest records under § 610.122, should be "liberally construed." *Id*. ("Statutes

7

relating to expungement of arrest records have been universally recognized by courts as being remedial in nature."). Furthermore, the Supreme Court of Missouri has stated remedial statutes should be liberally construed to promote their beneficial purpose. *Id*. (citing *Abrams v. Ohio Pac. Exp.*, 819 S.W.2d 338, 341 (Mo. banc 1991)). When there is ambiguity in a remedial statute, we will construe it in a manner that is consistent with the spirit of the law, "resolving all reasonable doubts in favor of applicability of the statute to the particular case." *State ex rel. LeFevre v. Stubbs*, 642 S.W.2d 103, 107 (Mo. banc 1982).

"False information" is not defined under § 610.122. However, we believe it would be inconsistent with the purpose of the remedial statute to prevent an individual from having their arrest record expunged because their arrest was based on an officer's misunderstanding of the law. Accordingly, we believe "false information" should include situations where an officer relies on a mistaken belief that a criminal law applies to conduct that is unquestionably not illegal. Otherwise, an individual who has not violated our State's laws could be saddled with an erroneous arrest record. When Petitioner, a holder of a concealed carry permit issued pursuant to §§ 571.101-571.121, brought his firearm to the security checkpoint of the Airport he could have been denied entry and he could have been removed but he did not commit the offense of unlawful use of a weapon under § 571.030.1(1). Petitioner's actions were not a criminal act under Missouri law. § 571.107.2. Accordingly, we find Petitioner's arrest was based on "false information."

The facts in this case are uncontroverted, and the plain language of § 571.107.2 states it is not a criminal act under this State's law for a person with a concealed carry permit to carry a concealed firearm into the secure inspection area of an airport. We find Petitioner's arrest was based on false information in the form of a mistaken belief that Petitioner's conduct constituted a

8

criminal offense under § 571.030.1(1). The court's conclusion that Petitioner's arrest was not based on false information was a misapplication of the law and against the weight of the evidence. Because we find the circuit court erred in interpreting § 610.122 when it denied Petitioner's expungement petition, we reverse.

## V.    Conclusion

The circuit court's judgment is reversed and remanded with instructions to grant Petitioner's petition for expungement of his arrest record.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.