

# Missouri Court of Appeals
## Southern District

### In Division

D.D., )
)
    Petitioner-Respondent, )
)
v. ) No. SD38372
)
MISSOURI STATE HIGHWAY ) **Filed: December 31, 2024**
PATROL, )
)
    Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Joshua B. Christensen

**<u>AFFIRMED</u>**

This appeal requires us to determine the plain meaning of a statute. The Missouri State Highway Patrol ("MSHP") appeals the circuit court's Judgment and Order for Expungement that expunged certain arrest records related to D.D. ("Driver"). MSHP's sole point on appeal claims the circuit court erred as a matter of law in determining that Driver's offense was eligible for expungement. Finding no merit in that claim, we affirm.

**Background**

Driver pleaded guilty to the class-D felony of resisting arrest (*see* section 575.150[1]) for events that occurred on November 3, 2010. Approximately twelve years later, Driver filed a petition to expunge all records relating to his arrest, plea, and conviction of that offense. MSHP moved to dismiss Driver's petition, arguing that: (1) Driver was not eligible for expungement under section 610.140, RSMo Cum. Supp. 2021, which excludes "any felony offense where death is an element of the offense"; and (2) "death" is an element of resisting arrest as set forth in section 575.150.5.

After receiving supplemental briefing and hearing arguments on the issue, the circuit court denied the motion, concluding that section 610.140.2(4) "refers to felony offenses where actual death is a required element as opposed to a mere risk of death (or, still less, a risk of 'serious physical injury or death' in the alternative)." We agree.

**Standard of Review**

"In reviewing court-tried cases, we affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." ***Doe v. Mo. State Highway Patrol Crim. Rec. Repository***, 474 S.W.3d 171, 174 (Mo. App. E.D. 2015). The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements *de novo*. ***Sutton v. Mun. Ct. Div., Des Peres***, 462 S.W.3d 446, 448 (Mo. App. E.D. 2015).

**Analysis**

MSHP's point claims:

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016.

The trial court erred in ordering the expungement of [Driver]'s class D felony section 575.150 offense under section 610.140, *because* such offense is not expungable under section 610.140, *in that*: [1] section 610.140.2(4) makes ineligible the expungement of any felony offense where death is an element of the offense; [2] a section 575.150.5 violation is a felony offense where death is an element; and [3] the trial court's interpretation and application of the statutes hinders rather than gives effect to legislature's intended categorical approach.

Section 610.140.2(4) provides that "[a]ny felony offense where death is an element of the offense" "shall not be eligible for expungement[.]" The applicable portion of the resisting arrest statute at issue, section 575.150.5, enhances "[t]he offense of resisting an arrest, detention or stop [to] [a class E felony if] the person fleeing *creates a substantial risk of serious physical injury or death to any person*" (italicized emphasis added).[2]

MSHP correctly argues in its brief that we

must give effect to the legislature's intent behind section 575.150.5 as evidenced by the statute's plain text. **Beyond Hous., Inc. v. Dir. of Revenue**, 653 S.W.3d 400, 406 (Mo. banc 2022). And all of section 575.150.5's words should be given meaning as this Court presumes the legislature did not insert "idle verbiage" or "superfluous language." **Id**.

But MSHP then goes astray of that process in arguing that "a felony violation of [section] 575.150.5 can be committed in two, independent—that is—sufficient ways: 'the person fleeing create[d either] [1] a substantial risk of serious physical injury *or* [2] death to any person'" (punctuation and emphasis as in MSHP's brief).

We must reject this proposed interpretation because it would require us to add punctuation and language that is not present in the statute. As earlier noted, the element in section 575.150.5 that enhances what would otherwise be a misdemeanor offense to a

---

[2] The enhancement in section 575.150.5 was reduced from a class-D felony to a class-E felony, effective Jan. 1, 2017. L.2014, S.B. No. 491, § A.

felony is "the person fleeing creates a substantial risk of serious physical injury or death to any person[.]" Under a plain-language interpretation of that phrase, the qualifying scenarios of "serious physical injury" or "death to any person" are both modified by the preceding phrase "substantial risk of[.]" The logical and ordinary interpretation of the statute is that the subject of the sentence - a person fleeing - can violate the statute by creating a *substantial risk of* serious physical injury to any person or creating a *substantial risk of* death to any person – each of which falls short of satisfying the element of "death" that is required in section 610.140.2(4) to make a felony conviction ineligible for expungement.

MSHP's point is denied, and the judgment of the circuit court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J. WEST, J. – CONCURS

4