

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| D.Z.G., | ) | No. ED112836 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Perry County |
| vs. | ) | 24PR-CC00003 |
| | ) | |
| PERRY COUNTY PROSECUTING | ) | |
| ATTORNEY, et al., | ) | Honorable Scott A. Lipke |
| | ) | |
| Respondents. | ) | Filed: June 27, 2025 |

D.Z.G.[1] ("Appellant") appeals the trial court's judgment dismissing his petition for expungement of arrest, plea, and conviction ("petition for expungement").[2] We reverse the trial court's judgment dismissing Appellant's petition for expungement and remand for further proceedings in accordance with this opinion and the provisions of section 610.140.[3]

## I.    BACKGROUND

In June 2017, Appellant pleaded guilty to, *inter alia*, resisting arrest under section

---

[1] Initials should be used to protect the appellant's identity. "To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." *S.E.M. v. St. Louis County*, 590 S.W.3d 378, 379 n.1 (Mo. App. E.D. 2019) (citation omitted).

[2] Appellant's petition named the following as respondents: Caitlin Pistorio, Perry County Prosecuting Attorney; Jason Klaus, Perry County Sheriff; Direk Hunt, Chief of Police, Perryville City Police Department; Colonel Eric T. Olson, Superintendent, Missouri State Highway Patrol; and Jennifer Hotop, Circuit Clerk, Perry County Circuit Court. The Missouri State Highway Patrol is the only respondent that filed a brief in this appeal.

[3] All references to section 610.140 are to RSMo Cum. Supp. 2021 (effective from August 28, 2021 to December 31, 2024).

575.150[4] for events that took place in February 2017. Appellant pleaded guilty to a class E felony under section 575.150, which provides that a person commits such an offense when he "creates a substantial risk of serious physical injury or death to" other persons by fleeing from a law enforcement officer. *See id.*

In December 2023, Appellant filed his petition for expungement pursuant to section 610.140, requesting the trial court to, *inter alia*, expunge his conviction for resisting arrest by fleeing. The Missouri State Highway Patrol ("MSHP") filed an answer and motion to dismiss arguing, *inter alia*, that "[d]eath . . . is an element of the felony offense of [r]esisting [a]rrest by [f]leeing" under section 575.150, therefore making Appellant's conviction "ineligible for expungement under [section] 610.140."

The trial court issued its judgment in July 2024 dismissing Appellant's petition for expungement, specifically finding "[d]eath is an element of the felony offense of [r]esisting [a]rrest by [f]leeing" under section 575.150. This appeal followed.[5]

## II. DISCUSSION

Appellant raises one point on appeal arguing the trial court erred in dismissing his petition for expungement because the plain language of sections 610.140 and 575.150 do not make his conviction for resisting arrest by fleeing ineligible for expungement.

## A. General Law and Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). Questions of statutory interpretation and a trial court's application of statutory requirements are also subject to *de novo* review by this Court. *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014); *Sutton v. Municipal Court Division, Des Peres*,

---

[4] All references to section 575.150 are to RSMo 2016 (effective from January 1, 2017 to August 27, 2025).
[5] To avoid unnecessary repetition, any additional facts relevant to this appeal will be set forth in Section II.B. of this opinion.

462 S.W.3d 446, 448 (Mo. App. E.D. 2015). The "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Ivie*, 439 S.W.3d at 202 (citation omitted). Additionally, statutory interpretation should not be hyper-technical, but reasonable and logical. *Ivie*, 439 S.W.3d at 203.

**B.** **General Law, Analysis, and Conclusion as to Appellant's Sole Point on Appeal**

Appellant's sole point on appeal argues the trial court erred in dismissing his petition for expungement because the plain language of sections 610.140 and 575.150 do not make his conviction for resisting arrest by fleeing ineligible for expungement. For the reasons discussed below, we agree.

Section 610.140.2(4) states, in relevant part, that "[a]ny felony offense where death is an element of the offense" "shall not be eligible for expungement." *Id*. Appellant seeks to expunge his conviction under section 575.150, which enhances the offense of resisting arrest by fleeing to a class E felony when "the person fleeing creates a substantial risk of serious physical injury or death to any person." *Id*. The question before this court is whether "death is an element of" the class E felony of resisting arrest by fleeing. *See id*.; section 610.140.2(4).

MSHP argues on appeal that the statutory definition of "serious physical injury" as used in section 575.150 already accounts for a "substantial risk of death." *See* section 556.061(44)[6] (defining "[s]erious physical injury," in relevant part, as "physical injury that creates a substantial risk of death") (emphasis omitted). Accordingly, MSHP urges this Court to interpret the relevant portion of section 575.150 "as having two [alternative] elements . . . for the section's class E felony:" (1) "creating" "a substantial risk of serious physical injury"; or (2) "creating" "a death."

---

[6] This reference to section 556.061 is to RSMo Cum. Supp. 2020 (effective from August 28, 2020 to August 27, 2025).

However, the Southern District of this Court previously rejected a similar argument in *D.D. v. Missouri State Highway Patrol*, 704 S.W.3d 208 (Mo. App. S.D. 2024). The *D.D.* Court, interpreting the plain language of section 575.150, found that a person fleeing police can violate the statute in one of two ways: (1) by creating a substantial risk of serious injury to any person; or (2) by creating a substantial risk of death to any person. *D.D.*, 704 S.W.3d at 210; *see also Ivie*, 439 S.W.3d at 202. The *D.D.* Court held that neither of these potential violations contains "death [as] an element" and therefore section 610.140.2(4) does not render them ineligible for expungement. *See id.*; *D.D.*, 704 S.W.3d at 210.

We agree with the Southern District's analysis in *D.D.* and similarly hold that "death" is not an element of the class E felony of resisting arrest under section 575.150. *See id.*; *D.D.*, 704 S.W.3d at 209-10; section 610.140.2(4). Additionally, because statutory interpretation should be reasonable and logical as opposed to hyper-technical, we reject MSHP's proposed interpretation of section 575.150 which illogically includes "creating" "a death" as an element of the class E felony of resisting arrest by fleeing. *See Ivie*, 439 S.W.3d at 203.

Appellant's sole point on appeal is granted.

### III. CONCLUSION

The trial court's judgment dismissing Appellant's petition for expungement is reversed, and we remand to the trial court for further proceedings in accordance with this opinion and the provisions of section 610.140.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

4