**Lawrence Paul MASERANG,
Plaintiff–Respondent,**

v.

**CRAWFORD COUNTY SHERIFF'S
DEPARTMENT, Defendant,**

and

**Missouri State Criminal Records
Repository, Defendant–
Appellant.**

No. 27675.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 20, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Theodore A. Bruce, Assistant Attor-ney General, Jefferson City, MO, for appellant.

Stephen K. Paulus, Lange and Paulus, L.L.C., Cuba, MO, for respondent.

GARY W. LYNCH, Judge.

The State of Missouri appeals from the trial court's judgment and order expunging the record of Respondent Lawrence Maserang's arrest on June 17, 1998. The State contends that the trial court failed to follow the statutory conditions for expungement contained in § 610.122,[1] in that as a "matter of law there exists probable cause to believe that [Maserang] committed the crimes." Because we find this contention lacks merit, we affirm.

### 1) Factual and Procedural Background

Maserang filed a Petition for Expungement of Arrest Records under the provisions of § 610.122,[2] seeking an order expunging the record of his arrest on June 17, 1998, by a Missouri State Highway Patrol officer. At the hearing on his petition, Maserang testified on his own behalf as follows. On June 17, 1998, he operated a housewares store in Bourbon, Missouri. At this store, he sold various household items, including pipes that were manufactured and sold for the purpose of smoking tobacco only. All of the pipes that Maserang offered for sale were brand new from

---

1. All statutory references are to RSMo 2000, and all references to rules are to the Missouri Rules of Civil Procedure (2006), unless indicated otherwise.

2. Section 610.122 provides:

Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503, RSMo, may be expunged if the court determines that the arrest was based on false information and the following conditions exist:

(1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
(2) No charges will be pursued as a result of the arrest;
(3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;
(4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and
(5) No civil action is pending relating to the arrest or the records sought to be expunged.

the manufacturer. There was nothing illegal about these pipes, none had been used in any type of illicit context, and none had any drug use associated with them. Maserang also sold belt buckles.

On the day in question, Sergeant Satterfield of the Missouri Highway Patrol entered the store in plain clothing. Maserang, unaware that Sergeant Satterfield was an officer, overheard him engaged in a conversation with another customer. Sergeant Satterfield was asking the customer his opinion as to which pipe would be the best to smoke "plenty of Missouri home-grown backyard tobacco." Sergeant Satterfield then purchased a pipe and left the store. Observing that Sergeant Satterfield was acting "so strange[,]" Maserang followed him out of the store into the parking lot, where he was promptly arrested by the officer. Sergeant Satterfield asked Maserang, his wife, and his minor child ·for permission to search the store, and all denied him permission. Sergeant Satterfield then returned into the store and seized over $50,000 worth of merchandise. Those items included corn cob pipes, small smoking devices that Maserang testified were "tobacco tasters[,]" and a brass belt buckle with holes which had a mechanism on the back to connect it to a belt.

Maserang specifically denied having any discussions with Sergeant Satterfield about using illegal drugs in any of the pipes at this store or, for that matter, discussing using or smoking anything in these pipes. Maserang further testified that he had no criminal convictions prior to or following this arrest. Maserang also offered that the charges had been dismissed by the prosecutor prior to preliminary hearing. Maserang stated that every pipe was new from the manufacturer and to his knowledge they were used to smoke tobacco. Maserang offered that the smaller pipes were used to taste tobacco,

and he did not know of any other purpose for them. With regard to the belt buckle, Maserang testified that he had several belt buckles for sale in his store, and they all had a place for a belt to run through them and connect on the back.

Sergeant Satterfield was called as the State's only witness. During his testimony, he acknowledged that the items in the store which were seized were legal to possess but could be used illegally. Other testimony by Sergeant Satterfield will be elicited and discussed later in this opinion.

The record is not clear as to what crimes Maserang was charged with following his arrest. The court files in the case were destroyed through the fault of neither party. It appears that Maserang may have been charged with selling drug paraphernalia and possession of an illegal weapon. Both parties agreed that the charges had been dismissed, the statute of limitations had expired thereby preventing any potential charges from being filed, and all physical evidence relating to the cases had been destroyed. The physical evidence in both cases was destroyed upon motion by the State by a court order issued on July 14, 2001, three years after the seizure.

Following the conclusion of the evidence, the trial court announced orally that he was granting the request for expungement. Afterward, on March 10, 2006, the trial court entered its Judgment and Order of Expungement of Arrest Record providing, in pertinent part:

> The court finds that the arrest of the petitioner in the case recorded pursuant to Section 43.503 RSMo identified above was based on false information, that there is no probable cause at the time of the action to expunge to believe that the individual committed the offense, that no charges will be pursued as a result of the arrest, that the petitioner/subject of

the arrest has no prior or subsequent misdemeanor or felony convictions, that the petitioner/subject did not receive a suspended imposition of sentence (SIS) for which the arrest was made or for any offense related to the arrest, and that no civil action is pending relating to the arrest or the records sought to be expunged.

It is from this Judgment and Order that the State appeals.

## 2) Standard of Review

Appellate review of this court-tried civil matter is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), under which "[t]his court will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Dorman v. Dorman*, 91 S.W.3d 167, 169 (Mo.App.2002). "This court views the evidence and all reasonable inferences therefrom in the light most favorable to the judgment and disregards all contrary evidence and inferences." *Id.* The State is quite correct in pointing out, however, that we will " 'independently evaluate whether the trial court properly declared or applied the law to the facts presented.' " *Reinbott v. Tidwell*, 191 S.W.3d 102, 107 (Mo.App. 2006) (quoting *Ridgway v. TTnT Dev. Corp.*, 126 S.W.3d 807, 813 (Mo.App.2004)).

Furthermore, as in all judge-tried civil cases, "the credibility of the witnesses and the weight to be given their testimony are matters for the trial court, which is free to believe none, part, or all of the testimony." *Norris v. Nationwide Mut. Ins. Co.*, 55 S.W.3d 366, 369 (Mo.App. 2001). An appellate court not only "defers to a trial court's ability to determine the witnesses' credibility," but also to its ability "to choose between conflicting evidence." *In the Interest of A.H.*, 9 S.W.3d 56, 59 (Mo.App.2000).

## 3) Discussion

In its sole point on appeal, the State contends that the trial court erred in expunging Maserang's arrest record "because, as a matter of law, there exists probable cause to believe that Maserang committed the crimes of unlawful delivery of drug paraphernalia and possession of brass knuckles[,]" thereby negating the requirement of § 610.122(1) for expungement. The State supports this contention in its point relied on by asserting a factual basis within the context of this case as required by Rule 84.04(d)(1)(C), that:

> an experienced law enforcement officer observed items for sale by [Maserang] which are commonly used for drug use and which constitute brass knuckles and the fact that the prosecuting attorney did not prosecute the charges does not negate the existence of probable cause, nor does it establish that the charges were the result of false information.

We first observe that the State does not predicate its claim of error upon the insufficiency of the evidence to support the trial court's judgment or that it is against the weight of the evidence, but rather contends only that the trial court failed to properly apply the law to the facts. Immediately upon making this observation, the fallacy in the State's argument becomes readily apparent: The trial court is not required to apply the law as set forth in § 610.122 to the factual basis proffered by the State in its evidence, but rather, the trial court is only required to correctly apply the law to the facts presented. *Reinbott*, 191 S.W.3d at 107; *Ridgway*, 126 S.W.3d at 813. The State's point fails in three respects.

First, the State relies upon the testimony of Sergeant Satterfield that he is an

experienced law enforcement officer and that he observed items for sale by Maserang which are commonly used for drug use and which constitute brass knuckles. However, the State ignores the trial court's prerogative to disbelieve this testimony and to believe Maserang that the items were nothing more than tobacco smoking pipes and a belt buckle. *See Norris,* 55 S.W.3d at 369; *Guier v. Guier,* 918 S.W.2d 940, 946 (Mo.App.1996). Apparently, viewing this conflicting evidence in the light most favorable to the judgment and disregarding all contrary evidence, as we are required to do, this is exactly what the trial court did. *Dorman,* 91 S.W.3d at 169. The State cites us to no authority, and we know of none, which requires the trial court to believe the testimony of a law enforcement officer over the testimony of any other witness. Simply put—selling tobacco smoking pipes and being in possession of a belt buckle supports the trial court's finding that "there is no probable cause at the time of the action to expunge to believe that the individual committed the offense[s]" of unlawful delivery of drug paraphernalia and possession of brass knuckles. *See Martinez v. State,* 24 S.W.3d 10, 20 (Mo.App.2000).

■ Second, the State further argues that the "fact that the prosecuting attorney did not prosecute the charges" coupled with the presupposition that probable cause in fact existed based upon Sergeant Satterfield's testimony "does not negate the existence of probable cause." This argument does nothing to support the State's claim of error that such probable cause existed as a matter of law. It is an abstract statement of law, i.e. it simply states the legal effect of the fact the prosecutor did not prosecute the charges. Moreover, the State never mentions, much less develops, this contention in the argument portion of its brief nor offers any

supporting citation to authority. "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App.1997).

Third, the State argues that "the fact that the Prosecuting attorney did not prosecute the charges ... does not establish that the charges were the result of false information." Once again, we fail to see how this contention advances the State's argument that probable cause existed as a matter of law. The requirement under § 610.122 that the "arrest was based on false information" is separate and apart from the requirement that "[t]here is no probable cause, at the time of the action to expunge, to believe the individual committed the offense." Therefore, the impact of the prosecutor's failure to prosecute upon a determination that the *arrest* was based upon *false information* has no bearing or relevance to a finding or determination that no *probable cause* currently exists to believe that the individual committed the *offense.* In addition, this contention, as the one in the preceding paragraph, is not mentioned or in any way discussed in the argument of the State's brief. The failure to develop this contention in the argument portion of the brief preserves nothing for us to review. *Id.*

■ In the argument portion of its brief, the State contends, among other matters, that: (1) the trial court erred in inappropriately placing the burden of proof upon the State; (2) the trial court announced in open court at the conclusion of the evidence findings of fact contrary to the findings contained in the Judgment and Order of Expungement of Arrest Record; and (3) Maserang failed to establish that this arrest was based on false infor-

mation. None of these contentions was raised in the State's point relied on. "An appellate court is obliged to determine only those questions stated in the points relied on." *Boatmen's Bank of Southern Missouri v. Foster*, 878 S.W.2d 506, 509 (Mo.App.1994). "Issues raised only in the argument portion of the brief are not preserved for review." *Id.*

For the above and foregoing reasons, Point I is denied.

### 4) Decision

The Judgment and Order of Expungement of Arrest entered by the trial court is affirmed.

GARRISON, J., and BARNEY, J., concur.