Zerieta G. COLEMAN, Petitioner/Respondent,

v.

MISSOURI STATE CRIMINAL RECORDS REPOSITORY, et al., Respondents/Appellants.

No. ED 90823.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 28, 2008.

Zerieta G. Coleman, Saint Louis, MO, for Petitioner/Respondent.

Christopher Richard Fehr, Jefferson City, MO, for Respondent/Appellants.

## SHERRI B. SULLIVAN, J.

### *Introduction*

The Missouri State Criminal Records Repository (the State) appeals from the trial court's Judgment and Order of Expungement of Arrest Records (Judgment) granting Zerieta G. Coleman's (Coleman) Petition for Expungement of Arrest Records (Petition). We reverse.

### *Factual and Procedural Background*

On October 3, 2007, Coleman filed a Petition seeking expungement of a record of arrest. On November 30, 2007, the trial court conducted a hearing, at which the following evidence was adduced.

Coleman, who was 68 years old at the time of the hearing, is retired and volunteers for several organizations throughout St. Louis. On October 23, 1964, Coleman was found guilty of stealing. Coleman did not remember having a trial and believed that she pled guilty to the charge. Coleman admitted that she probably committed the crime.

The 44–year–old arrest and conviction was revealed on a police report that was generated when Coleman sought to expand her charitable efforts to a local homeless center. Coleman was advised by the center's staff that she would not be able to volunteer if the record was not expunged. Coleman stated that while she could not deny committing the offense, she wanted the record expunged so she could volunteer at the center.

The trial court entered its Judgment ordering the expungement of Coleman's arrest and conviction record. In doing so, the court found that (1) Coleman's arrest was based on false information; (2) there was no probable cause, at the time of the action to expunge, to believe that Coleman committed the offense; (3) no charges will be pursued as a result of the arrest; (4) Coleman has no prior or subsequent convictions; (5) Coleman did not receive a suspended imposition of sentence for any offense related to the arrest; and (6) no civil action was pending relating to the arrest or the records sought to be expunged. The trial court also found that

application of the expungement statute to the case before it was inconsistent with the legislature's intent. This appeal follows.

### Point on Appeal

On appeal, the State argues the trial court erred in granting Coleman's Petition to expunge her record because Coleman did not satisfy the requirements of Section 610.122 [1] in that she failed to prove that her arrest was based on false information, that there was no probable cause to believe that she committed the charged offense, and that no charges will be pursued as a result of the arrest.

### Standard of Review

■ The trial court's application of statutory requirements is a question of law rather than fact, so we review the trial court's decision *de novo*. *Jones v. St. Louis County Police Dept.*, 133 S.W.3d 524, 525 (Mo.App. E.D.2004).

### Discussion

The State contends the trial court erred in granting Coleman's Petition because Coleman failed to satisfy all of the requirements of Section 610.122. Section 610.122 provides that a record of arrest may be expunged if (1) the arrest was based on false information; (2) there was no probable cause, at the time of the action to expunge, to believe the petitioner committed the offense; (3) no charges will be pursued as a result of the arrest; (4) the petitioner has no prior or subsequent convictions; (5) the petitioner did not receive a suspended imposition of sentence for an offense related to the arrest; and (6) no civil action is pending relating to the arrest of the records sought to be expunged. The State concedes that the fourth, fifth

and sixth requirements are not at issue in this case.

■ First, the State argues that Coleman has failed to satisfy the third requirement, that no charges will be pursued as a result of the arrest, because Coleman was convicted on the offense for which she was arrested. The State does not support this contention with citation to any authority. As *Martinez v. State*, 24 S.W.3d 10, 15–19 (Mo.App. E.D.2000), a case cited by the State for another proposition, makes clear, the requirement that no charges "will be pursued" as a result of the arrest, means that no charges will be pursued in the future and does not prohibit relief under Section 610.122 simply because charges were brought in the past. See also *In re Dyer*, 163 S.W.3d 915, 918 (Mo. banc 2005) (indicating one of the requirements under Section 610.122 is there be "no future charges."). The State's contention of error on this point is without merit.

■ Next, the State argues that Coleman failed to establish (1) that the arrest was based on false information and (2) that there was no probable cause, at the time of the action to expunge, to believe that Coleman committed the offense. To establish that the arrest was based on false information, the petitioner must prove that some or all of the information used as the basis of the arrest was false. *Dyer*, 163 S.W.3d at 918–19. In the context of Section 610.122, "probable cause" means reasonable cause, or having "more evidence for than against" and having "facts which would cause a reasonably intelligent and prudent person to believe that the accused person had committed the crime charged." *Martinez*, 24 S.W.3d at 20.

Coleman failed to satisfy either of these requirements. At the hearing, Coleman acknowledged that she was found guilty of

---

**1.** All statutory references are to RSMo 2006, unless otherwise indicated.

stealing. Coleman admitted that she not only pled guilty to the offense, but also that she did, in fact, commit the offense. In light of these admissions, there is no evidence to support a finding that Coleman's arrest was based on false information or that there was a lack of probable cause to believe that Coleman committed the offense. As a result of Coleman's failure to satisfy these requirements, she is not entitled to an expungement of her arrest record. Therefore, the trial court erred in granting Coleman's petition for expungement of her record pursuant to Section 610.122.

Although this Court agrees with the trial court's belief that the legislature may not have intended or anticipated this result in cases such as the one before us, we cannot go beyond the plain and ordinary meaning of the words in the statute. *Cook v. Newman,* 142 S.W.3d 880, 886 (Mo.App. W.D.2004). As the courts no longer have equitable authority to close or expunge any arrest record (Section 610.126.2.), the trial court's order is reversed to the extent that it was based on equitable principles.

*Conclusion*

The judgment of the circuit court is reversed.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J. concur.