

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| ARBAB ADUM, | ) | No. ED99909 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Robert H. Dierker |
| ST. LOUIS METROPOLITAN POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | Filed: |
| Appellant. | ) | March 4, 2014 |

The St. Louis Metropolitan Police Department ("the SLMPD") appeals from the judgment of the trial court granting Arbab Adum's ("Adum") petition for expungement. The SLMPD argues the trial court erred in granting Adum's petition to expunge because Adum failed as a matter of law to prove his arrest was based on false information and failed to prove there was no probable cause at the time of the petition to expunge to believe he committed the offense as required by Section 610.122. We reverse.

After an altercation between Adum and the victim, his wife, the police responded to the hospital where the victim had been taken. After interviewing the victim about the incident, the police went to arrest Adum for one count of second-degree domestic assault and two counts of third-degree domestic assault. Adum was taken to the police station, but no charges were issued stemming from the incident.

Adum subsequently filed a petition for expungement of his arrest records relating to this incident. At the hearing on Adum's petition, Adum did not provide any testimonial evidence to

the court.  The only evidence he submitted was an affidavit of the victim, which stated "I . . . do hereby state that I do not wish to prosecute [Adum] . . . for an incident which took place on July 15th, 2012 . . .."

On the other hand, Officer Dewight Meeks of the SLMPD testified at the hearing that he responded to St. Mary's Hospital to interview the victim of an alleged assault.  Officer Meeks testified the victim, Adum's wife, appeared timid and scared and had redness on her chest and neck area.  After observing the victim, Officer Meeks called a detective from the domestic abuse response team.

Detective Brian Foote from the domestic abuse response team also testified at the hearing.  Detective Foote had undergone specialized training in domestic violence issues.  Detective Foote testified he also responded to St. Mary's after Officer Meeks called him.  Detective Foote testified he tried to interview the victim, but she was "stand-offish" and would not cooperate.  Detective Foote also testified the victim told him she did not want Adum prosecuted.  However, Detective Foote also testified the victim told him Adum had asked her to turn music off and when she refused, he became upset, grabbed the laptop from the table, and hit the victim in the head with it as well as with his fists.  Then Detective Foote testified the victim told him that when she fought back, Adum became enraged, threw her to the floor, and began punching her.  Detective Foote further testified he had no reason not to believe the victim and she seemed like she was telling the truth.

The SLMPD filed a motion to dismiss Adum's petition for expungement.  However, the trial court found Adum was entitled to expungement of these arrest records and entered its judgment expunging his record.  This appeal follows.

In its sole point, the SLMPD argues the trial court erred in granting Adum's petition to expunge because Adum failed as a matter of law to prove his arrest was based on false

information and failed to prove there was no probable cause at the time of the petition to expunge to believe he committed the offense as required by Section 610.122. We agree.

In reviewing a court tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Rozier v. Director of Revenue, State of Missouri, 164 S.W.3d 108, 109 (Mo. App. E.D. 2005). However, the trial court's application of statutory requirements is a question of law rather than fact, so we review the trial court's application of statutory requirements *de novo*. Schollmeyer v. State, 395 S.W.3d 79, 81 (Mo. App. E.D. 2013).

The expungement statute, Section 610.122, provides as follows:

> Notwithstanding other provisions of law to the contrary, any record of arrest recorded pursuant to section 43.503 may be expunged if the court determines that the arrest was based on false information and the following conditions exist:
>
> (1) There is no probable cause, at the time of the action to expunge, to believe the individual committed the offense;
> (2) No charges will be pursued as a result of the arrest;
> (3) The subject of the arrest has no prior or subsequent misdemeanor or felony convictions;
> (4) The subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and
> (5) No civil action is pending relating to the arrest or the records sought to be expunged.

Here, the only requirements at issue are the requirements that the arrest be based on false information and that there be no probable cause at the time of the action to expunge to believe Adum committed the offenses.

To establish that the arrest was based on false information, the petitioner must prove that some or all of the information used as the basis of the arrest was false. Coleman v. Missouri State Criminal Records Repository, 268 S.W.3d 464, 466 (Mo. App. E.D. 2008). "Probable cause" is a legal term of art, and, as used in this context, we conclude that "probable cause" is

3

intended in the broad sense of "reasonable cause," of "having more evidence for than against," and of facts that would cause a reasonably intelligent and prudent person to believe that the accused person had committed the crime charged. Martinez v. State, 24 S.W.3d 10, 20 (Mo. App. E.D. 2000). A petitioner seeking expungement under Section 610.122 has the burden to affirmatively demonstrate at a hearing, by a preponderance of the evidence if the matter is disputed by any of the named defendants, his actual innocence of the offense for which he was arrested. Id.

In this case, the only evidence submitted by Adum was an affidavit of his wife, the alleged victim, in which she merely stated she did not wish to prosecute Adum. Adum has provided no evidence that the arrest was based on false information.

In the transcript, the trial court stated it saw "no reason on the record to believe that the State will ever issue charges in this incident and in light of [Adum's] lack of arrest history otherwise, the Court finds that the arrest should be expunged."

Later, the trial court formally found in its judgment all of the statutory factors in Section 610.122, including that the arrest was based on false information, that there must be no probable cause at the time of the action to expunge to believe Adum committed the offenses, that no charges will be pursued as a result of the arrest; that the subject of the arrest has no prior or subsequent misdemeanor or felony convictions; that the subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest; and that no civil action is pending relating to the arrest or the records sought to be expunged.

However, the SLMPD presented the testimony of Officer Meeks and Detective Foote, both of whom interviewed the victim shortly after the incident. Both Officer Meeks and Detective Foote testified the victim told them Adum hit her in the head with a laptop and also

4

punched her. There was no evidence presented to indicate Officer Meeks, Detective Foote, or the victim were not credible or that they were being untruthful at any stage of the proceeding.

Even if the trial court disbelieved the testimony of Officer Meeks and Detective Foote, as noted above, the only evidence presented by Adum was an affidavit of the victim, which stated "I . . . do hereby state that I do not wish to prosecute [Adum] . . . for an incident which took place on July 15th, 2012 . . . .." Civil relief under the expungement statute requires Adum to bear the burden of affirmatively establishing his actual nonculpability. Id. at 21.

Here, there is simply no evidence to support Adum's contention that the arrest was based on false information or that there was no probable cause at the time of the action to expunge to believe Adum committed the offenses.

Therefore, we find the trial court erred in granting Adum's petition to expunge. Point granted.

The judgment of the trial court is reversed.


ROBERT G. DOWD, JR., Judge


Lawrence E. Mooney, P.J., concurs in result.
Sherri B. Sullivan, J., concurs.

5