

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. ED102092 |
| | ) | |
| vs. | ) | |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL | ) | Appeal from the Circuit Court of |
| CRIMINAL RECORDS REPOSITORY, | ) | St. Louis County |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | Honorable Maura B. McShane |
| | ) | |
| CITY OF UNIVERSITY CITY, ET AL, | ) | |
| | ) | Filed: August 18, 2015 |
| Defendants. | ) | |

## Introduction

The Missouri State Highway Patrol (MSHP) appeals the trial court's Judgment and Order of Expungement of Arrest Records in favor of John Doe. On appeal, MSHP argues that the trial court erred in granting Doe's petition for expungement because Doe did not prove the elements entitling him to expungement under the statute and Doe was otherwise barred from seeking expungement under the doctrine of issue preclusion. We affirm.

**Factual Background**

In April 2014, Doe filed a petition for expungement of arrest records pursuant to § 610.122.[1] Doe's petition alleged he had been arrested on three counts of third-degree assault. MSHP filed its answer and motion to dismiss. MSHP argued that Doe was not eligible to have his arrest record expunged. Specifically, MSHP argued that Doe could not prove that the arrest was based on false information or that there was no probable cause to believe he committed the offense because Doe pleaded guilty to "an offense stemming from the arrest now sought to be expunged." MSHP also contended that Doe could not prove that he was "actually innocent."

At the expungement hearing, Doe testified that he and his younger brother were driving in University City in 2008. Doe was driving the car, and "before [he] knew what had happened," his younger brother leaned out the window and, using an air gun,[2] shot a man walking down the street. Doe testified that he did not shoot anyone and that, to his knowledge, his younger brother gave a statement to the police that he was the one who shot the air gun. Doe indicated he did not know that his brother had the air gun until he shot it. Doe testified that he believed the police tracked his license plate number to connect him and his brother to the incident. Doe recalled that he was arrested for a weapons violation, as well as three counts of assault. One count of assault arose from the air gun incident; the two other counts arose from an incident that Doe's younger brother was involved in previously. Doe testified that he was not with his brother at the time of the other incident.

The weapons violation was amended to illegal parking on a residential street, to which Doe pleaded guilty. The three assault charges were *nolle prosequi*.[3] Doe's trial counsel clarified

---

[1] All statutory references are to RSMo (Supp. 2013) unless otherwise noted.
[2] The air gun used in this instance was an airsoft gun, which uses compressed air to shoot plastic projectiles.
[3] A charge is *nolle prosequi* when the prosecution has abandoned the action. BLACK'S LAW DICTIONARY 1070 (7th ed. 1999).

that Doe sought to have the arrest records for the three counts of assault expunged. MSHP did not present any evidence at the hearing. The trial court granted Doe's request to expunge the record of his arrests. The court found that the arrests were based on false information and that there was no probable cause at the time of the action to expunge that the individual committed the offense. This appeal follows.

## Standard of Review

In reviewing court-tried cases, we affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Adum v. St. Louis Metropolitan Police Dep't*, 423 S.W.3d 327, 328 (Mo. App. E.D. 2014). The trial court's application of statutory requirements is a question of law rather than fact; therefore, we review the trial court's application of statutory requirements de novo. *Sutton v. Municipal Court Division, Des Peres*, No. ED101962, 2015 WL 2393287, at *2 (Mo. App. E.D. May 19, 2015). Additionally, the credibility of the witnesses is for the determination of the trial court, which is free to believe none, part, or all of the testimony. *Maserang v. Crawford County Sheriff's Dep't*, 211 S.W.3d 118, 121 (Mo. App. S.D. 2006). We defer to the trial court's determination of the witnesses' credibility. *Id.*

## Point I: "Actual Innocence"

In its first point, MSHP argues that the trial court erred in granting Doe's petition for expungement because Doe did not prove, by a preponderance of the evidence, that he was actually innocent. Doe counters that he proved that the arrest was based on false information and that there was no probable cause at the time of the petition to expunge.

Missouri law enforcement officials are required to submit records of criminal arrests, charges, and dispositions to the central repository pursuant to § 43.503. Under § 610.122.1(1),

3

any record of arrest recorded pursuant to § 43.503 may be expunged if the court determines that: (1) the arrest was based on false information; (2) there is no probable cause, at the time of the action to expunge, to believe the individual committed the offense; (3) no charges will be pursued as a result of the arrest; and (4) the subject of the arrest did not receive a suspended imposition of sentence for the offense for which the arrest was made or for any offense related to the arrest. Additionally, under § 610.122.2, the record of arrest is only eligible for expungement if: (1) the subject of the arrest has no prior or subsequent misdemeanor or felony convictions; and (2) no civil action is pending relating to the arrest or the records sought to be expunged.

The party seeking the expungement bears the burden of demonstrating by a preponderance of the evidence that he is actually innocent of the offense for which he was arrested. *Martinez v. State*, 24 S.W.3d 10, 20 (Mo. App. E.D. 2000). An individual proves he is actually innocent by satisfying the false information and probable cause requirements of § 610.122. *Id.*

MSHP contends that the term "actual innocence" in the context of expungement actions calls for the same standard as applied in habeas corpus and legal malpractice actions. Habeas corpus petitioners must show that a constitutional violation resulted in the conviction of an individual who is "actually innocent." *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000). In order for a habeas corpus petitioner to show the requisite probability that he is actually innocent, he must show that "no reasonable juror would have convicted him in light of new evidence of innocence." *Id.* Legal malpractice plaintiffs must "establish that his or her attorney's actions proximately caused damages because in the absence of actual innocence … a plaintiff's own illegal actions would be the full legal and proximate cause of his damages." *Rosenberg v. Shostak*, 405 S.W.3d 8, 14 (Mo. App. E.D. 2013). In the legal malpractice context,

4

actual innocence is "an indispensable element of a malpractice claim against the attorney who represented the [criminal] defendant at trial." *Costa v. Allen*, 323 S.W.3d 383, 387 (Mo. App. W.D. 2010). MSHP reasons that because an expungement action's probable cause and false information requirements together require the petitioner to demonstrate actual innocence, under the *Clay* standard, the petitioner is required to present "new evidence" of innocence for his record to be expunged.

We disagree with MSHP's contention. The standard for expungement is clearly laid out in § 610.122, and Missouri courts have previously construed the statute's false information and lack of probable cause requirements. These two requirements—false information and no probable cause—themselves "imply and mean that a petitioner seeking expungement . . . has the burden to affirmatively demonstrate at a hearing, by a preponderance of the evidence . . . his actual innocence of the offense for which he was arrested." *Martinez*, 24 S.W.3d at 20. While the *Martinez* court referred to an expungement petitioner being required to prove his "actual nonculpability," the Court simply stated that to do so, a petitioner must "present evidence in an effort to show that he meets the specified criteria under [the statute]." *Id.* at 21. Thus, the "actual innocence" standard in the context of expungement proceedings contemplates the petitioner establishing that the arrest was based on false information and that there is no probable cause for the arrest at the time of the expungement action, as well as the other requirements of the statute, not the production of "new evidence."

Furthermore, statutes relating to the expungement of arrest records are remedial in nature. *Id.* at 19. Remedial statutes "are to be liberally construed as to effect their beneficial purpose." *Id.* (internal citation omitted). MSHP's argument that expungement petitioners should be required to present new evidence of innocence, as habeas corpus or legal malpractice petitioners

must do, is not only contrary to the text of the statute, but also contravenes a liberal construction of § 610.122. Such a standard would impose a heightened burden of production not contemplated by the statute, making it more difficult to satisfy the statute's requirements.

Accordingly, we conclude that an expungement petitioner need not present new evidence of innocence in order to be granted an expungement and that the trial court properly applied the law to the facts at hand. Point I denied.

## Point II: False Information

In its second point, MSHP contends that the trial court erred in granting Doe's petition for expungement because Doe did not prove that his arrest was based on false information. In response, Doe argues that his testimony at the expungement hearing supports that the arrest was based on false information.

In order for a petitioner to establish that his arrest was based on false information, the petitioner must prove that some or all of the information that the police relied on to arrest him was false. *In re Dyer*, 163 S.W.3d 915, 918-19 (Mo. banc 2005). MSHP argues that Doe did not adduce evidence that the basis for the arrest was false. MSHP compares the present case to *Adum v. St. Louis Metropolitan Police Dep't*, 423 S.W.3d at 327. In *Adum*, the petitioner was previously arrested for domestic assault. *Id.* at 328. At his expungement hearing, the petitioner's only evidence was an affidavit from the victim that she did not wish to prosecute. *Id.* at 329. However, the STLMPD presented the testimony of two officers who spoke to the victim after the incident, and both officers testified that the victim said that the petitioner hit her with a laptop and punched her. *Id.* Accordingly, the Court found that petitioner did not present evidence that his arrest was based on false information or that there was no probable cause. *Id.* at 330. MSHP also compares Doe's case to *Coleman v. Missouri State Criminal Records*

6

*Repository*, 268 S.W.3d 464 (Mo. App. E.D. 2008), where the petitioner sought to have an arrest for stealing expunged. *Id.* at 465. At the hearing, the petitioner testified that she not only pleaded guilty, but also that she actually committed the offense. *Id.* at 466-67. Accordingly, the trial court denied her petition for expungement, finding that she did not prove that the arrest was based on false information and that there was no probable cause at the time of the petition to expunge. *Id.*

Doe's case is unlike *Adum* and *Coleman*. Unlike *Adum*, no evidence was adduced at the expungement hearing that Doe did, in fact, assault the victim with an air gun. Unlike *Coleman*, Doe never admitted that he shot the air gun. The preponderance of the evidence established that Doe's arrest for three counts of assault was based on false information. The false information relied on was that Doe, the individual driving the car, was also the person who shot the air gun. The undisputed evidence presented at the hearing established that Doe was driving the car when, unbeknownst to him, his younger brother shot the air gun. The police located Doe and his younger brother through tracking the license plate number of Doe's car. MSHP did not present evidence to establish that an officer observed Doe shoot the air gun, that Doe was aware of his brother's plan to shoot the air gun, or that Doe was present for the two prior incidents of assault. The trial court was entitled to determine Doe's credibility and was free to believe none, part, or all of the testimony. *Maserang*, 211 S.W.3d at 121. MSHP's claim is without merit.

Based on the foregoing, a preponderance of the evidence showed that Doe's arrests for assault were based on false information. There was substantial evidence to support the trial court's findings. Point II denied.

**Point III: Probable Cause**

In its third point, MSHP argues that the trial court erred in granting the petition for expungement because Doe failed to show that there was no probable cause at the time of the action to expunge to believe that he committed the offense. Doe counters that at the time of the expungement hearing, a reasonably prudent person could not have found Doe guilty of assault.

Probable cause, in the context of an expungement petition, "is different than what is required to justify an arrest." *Sutton*, 2015 WL 2393287, at *3. Rather, probable cause is "in the broad sense of 'reasonable cause' of 'having more evidence for than against,' and of facts that would cause a reasonably intelligent and prudent person to believe the accused person had committed the crime charged." *Id.* (citation omitted).

MSHP argues that Doe's testimony at the expungement hearing does not meet the burden of showing that a reasonably prudent person could not believe that Doe committed three acts of assault. We disagree. We again note that the evidence adduced at the expungement hearing was that Doe did not shoot the air gun, nor was he involved in the two prior incidents of assault. Further, Doe pleaded guilty to a lesser offense of illegal parking as part of a plea agreement on the weapons violation. The three charges of assault were *nolle prosequi*. Doe's guilty plea to illegal parking, in and of itself, does not establish that there was probable cause to arrest Doe for assault.

Accordingly, the trial court's conclusion that, at the time of the expungement hearing, there was no probable cause to arrest Doe for assault, was based on substantial evidence. Point III denied.

8

## Point IV: Issue Preclusion

Finally, MSHP argues that Doe is barred from seeking expungement under the doctrine of issue preclusion. Doe counters that MSHP does not satisfy the test for application of issue preclusion. Further, Doe argues that MSHP did not properly preserve the issue for appellate review and that it is, therefore, waived.

Section 610.124 provides that a party to an expungement action "may appeal the court's decision in the same manner as provided for other civil actions." Therefore, the general rules applicable to appellate review of civil cases apply to appeals of the grant or denial of an expungement petition. "An appellant's failure to preserve an issue at the trial court waives the issue, and it is not reviewable on appeal." *Ryan v. Maddox*, 112 S.W.3d 476, 479 (Mo. App. W.D. 2003). However, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id.* at 489 (citations omitted).

Here, MSHP did not argue issue preclusion in either its motion to dismiss or during the expungement hearing. Because MSHP never presented the issue to the trial court, it is waived and is not reviewable by this Court. Further, MSHP does not request this Court to review for plain error. Accordingly, we decline to exercise plain error review. Point IV denied.

### Conclusion

The trial court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

9