

# Missouri Court of Appeals
## Southern District
### Division Two

DANIEL LEE PHERIGO,                )
                                   )
    Movant-Respondent,         )
                                   )
vs.                                )      No. SD33559
                                   )
STATE OF MISSOURI,                 )      Filed November 24, 2015
                                   )
    Respondent-Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Carr L. Woods, Senior Judge

AFFIRMED

The State of Missouri appeals the motion court's judgment granting Daniel Lee Pherigo's ("Movant") Rule 29.15[1] motion for post-conviction relief finding that Movant received ineffective assistance of counsel. The State claims the motion court clearly erred in finding Movant's trial counsel was ineffective: (1) for failing to request a continuance in response to the State's late disclosure on the morning of trial of two recorded interviews of Movant, a supplemental report pertaining to those interviews, and recorded interviews of three of Movant's co-defendants, because the disclosed evidence was not *Brady*[2] material and Movant invited the error; (2) for failing to move for a mistrial when the State disclosed, during trial, that there was a

---

[1] All rule references are to Missouri Court Rules (2015).
[2] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

1

security video of someone leaving the victim's home in a stolen vehicle, because such failure was reasonable trial strategy and Movant did not allege prejudice; and (3) for failing to make an adequate record containing the recorded interviews of the three co-defendants, because the evidence at issue was not **Brady** material and such a claim is not cognizable in a post-conviction proceeding. Finding no clear error in the motion court's finding that trial counsel was ineffective for failing to request a continuance and that this determination is dispositive of this appeal, we affirm.

## Factual and Procedural Background[3]

Rex and Carol Malson lived in Branson and, in September 2010, went on vacation. On September 29, 2010, Deputy Donald Piveral of the Taney County Sheriff's Department received a report of a burglary at the Malsons' home. When he arrived at the scene, the front door and garage door of the residence were open. Items in the home were strewn about. Deputy Piveral photographed the scene, secured the residence, and left. Later, he determined that a silver Mercedes had been taken from the home.

The following day, as he was on his way to another investigation, Deputy Carl Pride, also of the Taney County Sheriff's Department, noticed a silver Mercedes that matched the description of the one missing from the Malsons' home. The trunk was open, and two people were standing outside the car. He notified Detective Roger Ellis, who responded to the location. As he arrived, Detective Ellis saw Movant transfer two backpacks from the silver Mercedes to a red BMW parked nearby. Detective Ellis approached Movant and asked if Movant had any identification. Movant asked what the problem was, and Detective Ellis told Movant that the vehicle had been reported stolen. Movant reached into a blue backpack, and Detective Ellis

---

[3] We affirmed Movant's convictions on direct appeal in **State v. Pherigo**, 389 S.W.3d 693 (Mo.App. 2012). We borrow freely from that opinion without further attribution.

2

"told him he better come out with his ID and nothing else." Movant "put his hands in the air and said 'it's not worth it.'" Detective Ellis handcuffed Movant and sat him on the ground. Movant's companion, who was still sitting in the driver's seat of the Mercedes, identified herself as Teresa Buckner. Movant told officers that Buckner had borrowed the car from a man named Matt and that she had told Movant to take the bags from the Mercedes and put them in the BMW.

Detective Ellis seized the backpacks. There were no identification documents for Movant in the backpacks. One of the backpacks did contain a pair of gloves, a loaded pistol, and an American Express credit card with Carol Malson's name on it. The officers took the Mercedes back to the sheriff's department to inventory it. They found personal papers belonging to the Malsons in plain view in the backseat of the car.

Movant was charged with second-degree burglary, *see* section 569.170, RSMo 2000; first-degree tampering, *see* section 569.080.1(2), RSMo Cum.Supp. 2005; and stealing, *see* section 570.030, RSMo Cum.Supp. 2009.

On the Monday morning trial began, before voir dire commenced, the prosecutor informed the trial court that, on the Friday before at about five minutes until five o'clock, he received a "few disks that contained interviews of codefendants and two of the defendant[.]" The prosecutor explained that there were references in the police reports to the recorded interviews and that he had left a voicemail for Movant's trial counsel about the matter. The State provided copies of Movant's recorded statements to trial counsel that morning and offered to provide copies of the recordings of the co-defendants' statements. The prosecutor emphasized that "it was not the intention of the State to withhold those." The trial court asked Movant for comment, and Movant's trial counsel responded that he had no reason to dispute the State's

3

characterization of the situation but said, "I have what he gave me and don't have what he hasn't given me[.]" The parties moved on to other matters and returned to the late disclosure issue following the conclusion of voir dire. Movant's trial counsel objected to any use of Movant's recorded statements to the police, and the prosecutor replied that he was not planning to use any of the recordings of Movant's statements in its case-in-chief because of the untimely disclosure. The prosecutor did not give Movant copies of the three co-defendant recorded interviews until after the trial concluded. It was at that time that Movant and his trial counsel discovered that all three recorded interviews contained statements that the co-defendants were involved in the underlying crimes and that Movant was not.

Ultimately, the jury found Movant guilty on all three charges, and Movant filed a motion for new trial in which he argued error in the late disclosure of the three recorded co-defendant interviews, but Movant failed to adduce the recordings in evidence to the trial court. That motion was denied. Movant was sentenced to a total of thirty-five years' imprisonment. This court upheld Movant's convictions and sentence on appeal in *State v. Pherigo*, 389 S.W.3d 693 (Mo.App. 2012).

Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief, and counsel filed an amended motion shortly thereafter.[4] In that amended motion, Movant claimed, *inter*

---

[4] Our supreme court compels us, in *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015), to examine the timeliness of requests for post-conviction relief, regardless of whether the issue of timeliness was raised by the parties. Here, we issued our mandate affirming Movant's convictions on direct appeal on December 7, 2012, and Movant filed his *pro se* motion on February 14, 2013, well within the ninety-day deadline required by Rule 29.15(b).

Rule 29.15(g) delineates the timeline for the filing of an amended motion:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

4

*alia*, that trial counsel was ineffective for failing to request a continuance in response to the late disclosure of the three recorded co-defendant interviews; for failing to request a mistrial, or at a minimum, object and request a curative instruction for the jury when the State elicited inadmissible testimony regarding a surveillance video showing the Malsons' stolen vehicle leaving their neighborhood; and for failing to make an adequate record of the three late-disclosed recorded interviews of Movant's co-defendants.

At the evidentiary hearing on Movant's amended motion, Movant's trial counsel testified that he had experienced problems with the State not disclosing evidence and that he did not receive the videos at issue here until after the jury's verdict. He further testified that he did not request a continuance and that he did not do so because he thought that, given what he had already gone through with the late disclosure, the trial court would not allow any harmful contents of the recordings to be admitted during trial. It seemed obvious to trial counsel that the State did not have a good handle on its case against Movant. Trial counsel stated that Movant "did not want the case continued, as I recall, because, you know, seemed not to be – not have a good picture of all other available evidence potentially that was out there." Movant also told trial counsel that he did not want any further delays. Trial counsel stated that he had discussed the situation with Movant and "obviously, it's my decision and I decided that, um, we'd just— we would go to trial satisfied that anything that was—would have been useful to the State at that point was going to be excluded because it had not been disclosed." Trial counsel made the decision to proceed to trial without knowing the contents of any of the co-defendant recorded interviews because he believed the contents might not be favorable to Movant. Trial counsel did not expect that the recorded statements would indicate that Movant was not involved in the

In this case, counsel entered an appearance on behalf of Movant and filed for a thirty-day extension on April 11, 2013, which was granted on April 22, 2013. Counsel timely filed the amended motion on July 9, 2013, within the augmented ninety-day deadline following April 11, 2013.

charged crimes, and trial counsel did not recall Movant ever indicating that the three co-defendants would provide that information or that he ever came across that information elsewhere. If he had known the contents of the recordings, trial counsel would have used them in Movant's defense. Trial counsel further acknowledged that he should have provided the trial court with the recordings during the hearing on Movant's motion for new trial. The motion court listened to the three co-defendant recorded statements.

In its judgment granting Movant's amended motion, the motion court found that trial counsel had made a written request for discovery five months before trial and that the State did not disclose multiple pieces of evidence prior to trial, including the three recorded co-defendant interviews. The motion court further found that the State had not disclosed—and trial counsel had not listened to—the recordings of the three co-defendant interviews until a full week after the conclusion of trial. The motion court held that Movant was denied due process as a result of the State's late disclosure of the three recorded interviews, which constituted both a violation of Rule 25.03 and a *Brady* violation. It specifically found Movant to have been prejudiced by the late disclosure, as much of the missing evidence was both material to his defense and exculpatory. Finally, the motion court found that a reasonably competent attorney would have requested a continuance upon discovering that a significant amount of undisclosed evidence existed, finding that trial counsel "has a duty to investigate evidence and witnesses or to make a reasonable decision that such an investigation is unnecessary."

In addition, the motion court found trial counsel ineffective for failing to request a mistrial when the State elicited evidence in the middle of trial regarding the existence of a surveillance video showing the Malsons' Mercedes leaving their neighborhood on September 29, 2010, and for failing to make an adequate record regarding the contents of the three co-defendant

6

recordings at Movant's hearing on his motion for new trial. Accordingly, the motion court vacated Movant's convictions and sentence. The State timely appeals. *See* Rule 29.15(k) (order sustaining Rule 29.15 motion deemed final judgment for purposes of appeal by state).

## Standard of Review

> Appellate review of a judgment entered under Rule 29.15 "is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

*Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014). "It is fundamental that on appeal the motion court's ruling is presumed to be correct and that the burden is on the appellant to establish that the ruling was erroneous." *Garris v. State*, 389 S.W.3d 648, 652 (Mo. banc 2012). We will defer to the motion court's determinations of credibility, and the motion court is free to believe all, part, or none of any witness's testimony. *Zink*, 278 S.W.3d 170, 192 (Mo. banc 2009).

## Discussion

In order to grant a post-conviction motion alleging ineffective assistance of counsel, a motion court must find by a preponderance of the evidence, that (1) counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances, and (2) counsel's failure to exercise such skill and diligence prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687, 689, 104 S.Ct. 2053, 80 L.Ed.2d 674 (1984); *Anderson v. State*, 196 S.W.3d 28, 33 (Mo. banc 2006).

In this case, the State claims, in its first point on appeal, that the motion court clearly erred in finding trial counsel's performance was deficient for failing to request a continuance in response to the State's late disclosure of evidence the morning of trial for two reasons: (1) the recordings of the three co-defendant interviews were not *Brady* material, and (2) even if they

7

were, Movant invited the error by telling trial counsel that he did not want to delay going to trial.[5] Neither reason is valid because the first is not the only basis upon which the motion court found trial counsel's performance deficient and the second is refuted by the record supporting the motion court's finding that trial counsel, not Movant, made the actual strategic decision to forego requesting a continuance.

In its judgment, the motion court expressly found the late disclosure of the three recorded co-defendant statements to be *both* a **Brady** violation *and* a violation of Rule 25.03, which requires the State to use "diligence and good faith . . . to locate records not only in its own possession or control but also in the control of other governmental personnel" in response to written requests for discovery by a defendant. **Merriweather v. State**, 294 S.W.3d 52, 56 (Mo. banc 2009); Rule 25.03(A), (C). The motion court found that Movant filed a written request for discovery five months before trial; thus, the State was subject to the requirements of Rule 25.03. Although the prosecutor indicated to the trial court that he had no ill-intent in the late disclosure and that the evidence at issue was not in his possession, but rather in that of law enforcement, until late Friday afternoon before trial began on Monday morning, the motion court correctly noted that such reasoning is not a valid excuse, as Rule 25.03 "impose[s] an affirmative duty [on the prosecutor] to take action to discover information which it does not possess." **Merriweather**, 294 S.W.3d at 56 (internal quotation marks omitted). Furthermore, "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." **Kyles v. Whitley**, 514 U.S. 419, 437, 115 S.Ct. 1555, 131

---

[5] Nothing in the State's point relied on challenges the motion court's separate finding and conclusion that trial counsel's deficient performance in this respect prejudiced Movant. "An appellate court is obliged to determine only those questions stated in the points relied on." **Maserang v. Crawford Cnty. Sheriff's Dept.**, 211 S.W.3d 118, 123 (Mo.App. 2006) (quoting **Boatmen's Bank of S. Missouri v. Foster**, 878 S.W.2d 506, 509 (Mo.App.1994)). "Issues raised only in the argument portion of the brief are not preserved for review." **Id.**

L.Ed.2d 490 (1995). A failure to comply with Rule 25.03, if brought to the attention of the court, authorizes the grant of a continuance as a sanction. Rule 25.18.

The State does not challenge on appeal the motion court's finding that its late disclosure of this evidence violated Rule 25.03. This rule and its violation by the State are not even mentioned in the State's brief. This unchallenged finding independently supports the motion court's determination that trial counsel's performance was deficient in failing to request a continuance in response to this violation regardless of whether the late disclosure of the evidence at issue also constituted a **Brady** violation. *See* **State v. Moore**, 411 S.W.3d 848, 852 (Mo.App. 2013) ("State's discovery obligations under Rule 25.03 and its constitutional obligations under **Brady** are separate and distinct"). For this reason, we need not consider the latter to determine, based independently upon the former, that we are not left with a definite and firm impression that the motion court's determination that trial counsel's performance was deficient in failing to request a continuance was mistaken, and therefore, such determination was not clearly erroneous.

In the alternative, the State further claims in its point relied on that the motion court clearly erred in finding such ineffective assistance of counsel because Movant invited any error by expressing to trial counsel that Movant did not wish to further delay trial. The evidence before the motion court, however, when examined under the applicable standard of review, supports the motion court's finding that the strategic decision to forego requesting a continuance due to the late disclosure of the three co-defendant statements was made by trial counsel, not Movant. As previously noted, we defer to the motion court's determinations of credibility, and the motion court is free to believe all, part, or none of any witness's testimony. **Zink**, 278 S.W.3d at 192. Trial counsel testified that, although Movant had indicated that he did not want

9

any further delay in trial, it was nevertheless ultimately trial counsel's decision to forego requesting a continuance and to proceed to trial.

Trial counsel made this decision under his own assumption that the three co-defendant statements would inculpate Movant and without any thought or consideration that they might exculpate Movant from the crimes. The State does not point to any evidence the motion court found credible that trial counsel discussed his erroneous assumption with Movant or that Movant had any knowledge or information concerning the contents of his co-defendants' statements at the time he told trial counsel he did not want any further delay in the trial. It was the motion court's prerogative to believe trial counsel's statement that it was ultimately his decision, regardless of what Movant said to him, to proceed to trial without requesting a continuance to further investigate the unknown contents of the three co-defendant recorded statements, and we will not disturb such a credibility finding on appeal. *See id.* For this reason, we are not left with a definite and firm impression that the motion court's finding was a mistake and, therefore, such finding was not clearly erroneous. The State's first point is denied.

## Decision

Because our finding on the State's first point is dispositive, we need not reach the State's remaining two points on appeal. The motion court's judgment is affirmed.

GARY W. LYNCH, J. – Opinion author

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

10