

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| M.T.M. and P.M., ET AL., | ) | No. ED112834 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 2422-CC00131 |
| | ) | |
| ST. LOUIS CITY CIRCUIT | ) | Honorable Joseph P. Whyte |
| COURT, ET AL. | ) | |
| | ) | |
| Appellants. | ) | Filed: July 1, 2025 |

Pursuant to § 610.140, RSMo Supp. 2021, M.T.M. and P.M. (collectively, "Respondents") petitioned the circuit court to expunge their convictions of assault in the fourth degree, § 565.056.1(3), RSMo 2016, and harassment in the second degree, § 565.091, RSMo 2016.[1] The St. Louis Metropolitan Police Department responded, denying that M.T.M. and P.M. were eligible for expungement. Following an evidentiary hearing, the circuit court issued a judgment expunging their criminal records. The Department appeals, claiming the circuit court erred by: (1) finding expungement consistent with the public welfare and the interests of justice; (2) finding M.T.M. and P.M. were not a threat to public safety; and (3) for excluding certain testimony from the Department's witnesses. The circuit court's judgment is affirmed.

**Background**

---

[1] All statutory references to § 610.140 are to RSMo Supp. 2021, unless otherwise indicated.

In 2021, M.T.M. pleaded guilty to assault in the fourth degree, and P.M. pleaded guilty to harassment in the second degree. Both are misdemeanor offenses. In August 2021, the governor pardoned M.T.M. and P.M. In January 2024, Respondents individually petitioned the circuit court to expunge their criminal records pursuant to § 610.140. The Department answered and denied that Respondents met the requirements for expungement. Specifically, the Department alleged that Respondents were a continued threat to the public safety and that expungement was inconsistent with the public welfare and interests of justice pursuant to § 610.140.5(5) and (6). The circuit court consolidated the cases and held an evidentiary hearing.

At the evidentiary hearing, Respondents testified that they believed their habits and conduct demonstrate they are not a threat to public safety, and the expungement was consistent with public welfare because they had not been found guilty of any other crimes or been arrested since the 2020 incident. Respondents, who are attorneys, also testified that they work to assist members of the public, including by providing free legal assistance in certain cases. The Department presented four witnesses who all testified that they were victims of Respondents' conduct in June 2020. Each victim testified about his or her experience on the date of the incident leading to the guilty pleas, including the fear Respondents' actions caused. After the evidentiary hearing, the circuit court issued its judgment of expungement. The Department appeals.

**Standard of Review**

"In reviewing court-tried cases, [this Court] affirm[s] the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *D.D. v. Missouri State Highway Patrol*, 704 S.W.3d 208, 209 (Mo. App. 2024) (quoting *Doe v. Mo. State Highway Patrol Crim. Rec. Repository*, 474 S.W.3d 171,

2

174 (Mo. App. 2015)). "The [circuit] court's application of statutory requirements is a question of law rather than fact; therefore, [this Court] review[s] the [circuit] court's application of statutory requirements *de novo*." *R.F. v. Owen*, 596 S.W.3d 221, 223 (Mo. App. 2020) (quoting *Doe v. St. Louis Cty. Police Dep't*, 505 S.W.3d 450, 453 (Mo. App. 2016)).

**Analysis**
*The circuit court did not err in determining the Respondents*
*met the criteria of § 610.140.5(5) and (6)*

In its first two points, the Department claims the circuit court erred in applying § 610.140.5 because the circuit court erroneously found that: (1) expungement was consistent with the public welfare and the interests of justice, and (2) Respondents were not a threat to public safety. Section 610.140.5 states, in relevant part:

> At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement: …
> (5) The petitioner's habits and conduct demonstrate that the petitioner is not a threat to the public safety of the state; and
> (6) The expungement is consistent with the public welfare and the interests of justice warrant the expungement.

"The purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute." *R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38, 41-2 (Mo. App. 2019). The parties agreed Respondents satisfied all other necessary statutory criteria for expungement. After a petitioner pleads he or she meets the requirements of § 610.140.5(5) and (6), the statute provides for a rebuttable presumption that expungement is warranted, and the burden shifts to the prosecuting attorney, circuit attorney, or municipal prosecuting attorney to rebut the presumption. Section 610.140.5.

3

Because Respondents pleaded all of these requirements, the burden shifted to the Department to rebut that presumption. Section 610.140.5.

At the hearing, the Department presented testimony from four victims of the June 2020 incident that gave rise to Respondents' convictions. The witnesses testified they were in fear for their lives from Respondents' actions during the incident, but they offered no testimony about how the incident still affects them or about the habits or conduct of Respondents since the incident.

Section 610.140.5 expressly permits a victim to testify in opposition to an expungement. "A victim of an offense, violation, or infraction listed in the petition shall have an opportunity to be heard at any hearing held under this section, and the court may make a determination based solely on such victim's testimony." Section 610.140.5. Although the statute provides victims the right to testify, it does not make their testimony dispositive of any fact.

Here, the record demonstrates that the circuit court heard evidence that would support a finding either in favor of expungement or against it. Respondents testified regarding their ongoing efforts in the community and their absence of any issues with the law since June 2020. The victims testified regarding their experience with Respondents and the fear they experienced that day. The circuit court, as the finder of fact, was free to believe all, some, or none of the evidence, and we defer to those factual findings so long as they are supported by substantial evidence. *See Ivie v. Smith*, 439 S.W.3d 189, 200-01 (Mo. banc 2014); *Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 277 (Mo. banc 2019). [2]

---

[2] The Department references the current version of § 610.140.6, RSMo Supp. 2025, which states, "[a] court may find that the continuing impact of the offense upon the victim rebuts the presumption that expungement is warranted." This current version of the statute went into effect on January 2025 and was not in effect at the time of the expungement hearing. Therefore, it does not apply to these proceedings. Regardless, nothing in the language of the current statute would

4

As a result, the circuit court did not err in determining that the Department failed to rebut the presumption set forth in § 610.140.5, that Respondents' expungements were consistent with the public welfare and the interests of justice and the Respondents were not a threat to the public safety.

*The circuit court did not err in rejecting the Department's offer of proof*

In its third point, the Department claims the circuit court erred by excluding some testimony from the Department's four victim witnesses and by refusing to allow the Department to make an adequate offer of proof. Specifically, during the first witness's testimony, the Department asked "in your opinion, do the habits and conduct [of M.T.M.] demonstrate that he is a threat to the public safety of the state?" Respondents objected on the grounds that the question called for improper opinion testimony. The circuit court sustained the objection and struck the witness's response from the record. The Department then made the following offer of proof:

> Judge, I want to make a record. I'm going to outline the questions that are in this line so we can get this moving, but I was also going to ask, "In your opinion, do the habits and conduct of [P.M.] demonstrate that she is a threat to the public safety of the state?" I was also going to ask, "In your opinion, would the expungement of [M.T.M.'s] criminal record related to the events of [] 2020 of [] be consistent with the public welfare? In your opinion would the expungement of [M.T.M.'s] criminal record related to the events of [] 2020 at [] be in the interest of justice? In your opinion, would the expungement of [P.M.'s] criminal record related to the events of [] 2020 at [] be consistent with the public welfare?" And I was finally going to ask, "In your opinion, would the expungement of [P.M.'s] criminal record related to the events of [] 2020 at [] be in the interest of justice?"

The Department did not pose any of these questions to the witness as part of its offer of proof. The circuit court then stated, "Well, I'm going to reject the offer of proof and find that all of the proposed questions are improper, ask for improper opinion testimony of a lay witness."

---

change the outcome of this case. The statute still grants the circuit court discretion to find facts based on the evidence presented.

5

The Department seizes on the circuit court's use of the phrase "reject the offer of proof" to suggest that the circuit court refused to allow the Department to make any offer of proof, but the record does not support this argument. Rather, the record demonstrates that the Department was permitted to make an offer of proof, and the Department opted to make its offer of proof in the manner set out above. The Department did not ask to put those questions to its witnesses as part of its offer of proof. *See Hurley v. Burton*, 626 S.W.3d 810, 822 (Mo. App. 2021). As a result, there is nothing in the record that supports the Department's argument that it "was not even allowed to make a record of an offer of proof with responses from the witness for this Court to review." The circuit court provided an adequate opportunity for the Department to make an offer of proof, but the Department failed to make use of that opportunity.

Turning to the substance of the excluded evidence, the Department argues that the circuit court erred because the excluded testimony was admissible "as a matter of expungement law." Even assuming the testimony was admissible, the Department must still show that it was prejudiced by the exclusion of the evidence. "For evidentiary error to cause reversal, prejudice must be demonstrated." *Mitchell v. Kardesch*, 313 S.W.3d 667, 675 (Mo. banc 2010) (quoting *State v. Reed*, 282 S.W.3d 835, 837 (Mo. banc 2009)). "To establish prejudice sufficient to justify reversal, the [Department] must show that the erroneous exclusion of evidence materially affected the merits of the action, in other words, that the [circuit] court's error 'affected the outcome of the trial.'" *Lopez v. Cedar Fair, L.P.*, 702 S.W.3d 114, 124 (Mo. App. 2024) (internal citations omitted).

The Department failed to demonstrate how it was prejudiced by the exclusion of the testimony. In fact, the circuit court noted that even if all four victims had answered the questions favorably to the Department, it would not have changed the outcome of the case. Given this

6

statement, this Court is disinclined to find prejudicial error in exclusion of the victims'

testimony.

## Conclusion

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, Chief Judge

Robert M. Clayton III, J., and
Michael S. Wright, J., concur.